[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 170 
The defendants have recovered a judgment in this cause, upon the report of a referee, for over two thousand dollars, against the estate of John Sampson, deceased, upon pleadings which, by the established principles of construction, involve only matters in dispute between the defendants, and the plaintiff in his individual capacity. The evidence of the set-off against John Sampson, deceased, was objected to when offered, as inadmissible, and received subject to the objection. The supreme court has affirmed the judgment, for the reason that the objection was not sufficiently explicit, to indicate the particular ground on which it was made. The evidence was clearly inadmissible, as was admitted in the opinion delivered in the supreme court, on the ground that the plaintiff's demand arose after the death of the testator; and in such a case no set-off can be received, nothwithstanding it existed at the time of the death of the deceased. (Root v. Taylor, 20 John. 137; Fry v. Evans,
8 Wend. 530; Mercein v. Smith, 2 Hill, 210; 2 R.S. 279.) This objection, it seems to me, should have prevailed, notwithstanding it was general in its character, unless it appeared that it could have been obviated by the defendant. I confess I do not see how that could be done on any state of pleadings between the parties. The objection was in the law. The evidence offered constituted no defense.
There is another objection to this evidence which I regard as fatal to the judgment, and which it is competent for the plaintiff to avail himself of on this appeal. 1. I have said that this is a suit by the plaintiff in his individual, and not in his representative character. This is a very important proposition; for if I am right in this conclusion, then the judgment against the plaintiff as executor, which is really a judgment against the estate of John Sampson, is upon the record, just as erroneous as if, in a suit by A. against B., a judgment should be rendered against C.
The declaration commences in the following form: "Charles "H. Merritt, executor of the last will and testament of John "Sampson deceased, plaintiff in this suit, by A.K. Hadley, his *Page 172 
"attorney, complains of John F. Seaman," c. This is the only part of the declaration that contains any indication that the suit is brought by the plaintiff in any other than his individual character. The promises are all laid to the plaintiff individually; and no mention is made of letters testamentary, either in the declaration, or in the testimony. This mode of describing the plaintiff as executor, is, upon all the authorities, to be regarded as merely a descriptio personæ, in no respect changing the character of the pleadings, or the rights of the parties under them. In Chitty on Pleadings, (1 Ch. Pl. 151, 2,) where the learned author is treating of the necessity of the declaration agreeing with the process in the character in which the parties sue or are sued, he says, "though the process had described the "plaintiff or defendant as being executor, administrator, c. "the plaintiff might declare generally in his own right, treating the description as a mere superfluous addition, just as if "the word `carpenter' had been idly introduced." In Delafield v. Kinney, President of the ErieCounty Bank, (24 Wend. 345,) it was held that a suit against an association under the general banking law, may be brought against it, either in the name of the association, or in that name with the addition of the name of the president thereof, but the contract must be stated as having been made by or with the bank, in its corporate name. In Hunt v. Van Alstyne andothers, (25 Wend. 605,) it was decided that an action on a bill of exchange in the name of an individual describing himself as president of a banking association, was a suit in the plaintiff's individual character. Justice Cowen says, in his opinion, "The declaration is one "by the plaintiff, Hunt, in his own right. Calling himself "president of a certain company is a mere descriptio personæ. "He does not declare as president of a company created under "the general banking law." In theOgdensburgh Bank v. Van Rensselaer, President of the St.Lawrence Bank, (6 Hill, 240,) the same principle was again declared, Bronson, J. saying, "This is an action against Henry Van Rensselaer, and the "words which follow his name, Presidentof the St. Lawrence *Page 173 
"Bank, can only be regarded as a descriptio personæ. The "question was decided in Delafield v. Kinney, (24 Wend. 345.) "It was also decided at the last term on the argument of a "cause where the declaration was framed in the same way "against an executor; and it is decided by all the precedents "in the books where one is sued in autre droit. The promises "should have been alleged as made by the bank, and the breach "should have been that the Bank had not paid." See also to the same effect, Christopher v. Stockholm, (5 Wend. 36;) Talmage
v. Chapel, (16 Mass. 73;) Biddle v. Wilkins, (1 Pet. 692;) Thomas v. Dakin, (22 Wend. 9;) Worden v.Worthington, (2 Barb. 368, and the cases there cited.) The plaintiff might have sued in his representative character, or individually, as he chose, (Mowry v. Adams, 14 Mass. 327,) though the cases in the 1st of Peters, and the 16 Mass. Rep. hold that a suit by the executor in his individual capacity is the most appropriate to the legal rights of the parties. In the present case there is no notice of a set-off against the plaintiff as executor, nor any allusion to any indebtedness of Sampson the testator to the defendants. Upon this state of facts it is apparent that the judgment against the plaintiff asexecutor presents an error on the record which it is the duty of this court to correct.
2. There was also a claim of over four hundred dollars allowed by the referee, and which entered into the judgment, under an exception which seems to me to be fatal. The claim was mostly for money and other things furnished to a nephew of John Sampson, who was a clerk in the defendants' store. When the young man was sent to the defendants, his uncle requested them to allow him such compensation as was customary in similar cases, and added, that if any thing further was needed for his support he would pay forit himself. The witness was shown a bill of charges for cash paid to and for young Sampson, and asked, "if those were proper items for a young man so situated." This question was objected to and the objection was overruled, and the testimony admitted. The witness said he *Page 174 
"should think from the bill the charges were such as young "Sampson would require," and no other evidence was given that the charges in the bill had all been paid, though the witness recollected some of them. Now the objection to this evidence is, 1st, that the defendants had no right to furnish this young man with money; or to pay bills which he had contracted. His uncle had expressly told them that if he needed more than they were willing to pay him as a compensation for his services, that hewould himself pay for what else was needed for his support. 2d. The witness should have stated what the charges were, and given what facts he could in relation to the young man's condition, and should have specified the items of expense generally allowed to other young men who acted as clerks in New-York, and left it for the referee to decide in relation to the propriety of the charges.
I think there must be a new trial; and the parties can make such application to the supreme court as they may think proper in relation to an amendment of the pleadings. If they desire to make an issue to try the case as between the plaintiff in his representative character and the defendants, they can procure an amendment of the pleadings which will enable them to do so.