PETER S. BONESTEEL, HENRY METCALF and WILLIAM H. Dox, Commissioners of the Board of Excise of Ontario County, *vs.* LEMAN B. GARLINGHOUSE.

If a creditor give his debtor in execution permission to go at large beyond the jail, or its liberties, the judgment is absolutely discharged.

And this is so, even where the debtor agrees, in consideration of such permission, that he will still be bound by the judgment, and that the plaintiff may re-arrest him on another execution, in case he does not pay the judgment.

All the cases go upon the ground that the debt is *satisfied* by the arrest of the person; and the judgment is of no further validity or force, if the plaintiff has consented to a discharge from the arrest. If the discharge is by the act of the law, it is otherwise. *Per* JOHNSON, J.

The rule being thus settled that an arrest operates as a satisfaction of the judgment, if the defendant is discharged therefrom by the act and consent of the plaintiff in the judgment, such judgment ought to be satisfied of record, instead of being allowed to remain of record, as an apparent claim and cloud against the defendant.

Where the defendant, being arrested and imprisoned upon execution, was released and discharged from arrest, by the plaintiffs, upon his written promise "that such release shall not affect or impair my liability on the judgment in this action, or my liability to arrest after the appeal shall have been decided and the stay inoperative;" *Held* that the judgment was discharged; and that the defendant was entitled to have it vacated and discharged of record.

*It seems* the principle would be the same, even if it were shown that the action was brought by the plaintiffs in their official characters as commissioners of excise, and the recovery was for penalties incurred by the defendant by reason of his violation of the excise law.

The addition of the words "the commissioners of the board of excise of —— county" to the names of the plaintiffs in the title of a cause, without anything else, is in law a mere description of the persons, and indicates that the action is the private action of the plaintiffs.

APPEAL by the defendant from an order made at a special term, denying a motion to vacate and discharge the judgment entered in this action.

On the 30th of November, 1870, the plaintiffs obtained a judgment in this court against the defendant, for $1050 and costs. On the 14th of January, 1871, the plaintiffs issued an execution against the defendant to the sheriff of Ontario county, upon and by virtue of which the sheriff

Bonesteel *v.* Garlinghouse.

seized the body of the defendant and imprisoned him in the jail of Ontario county, for the space of three days, and then voluntarily discharged him from arrest, under an arrangement embodied in the following stipulation, entitled in the action:

" The plaintiffs in this cause having consented to release me from imprisonment, on my giving an undertaking on appeal in the usual form to stay proceedings, as provided by the Code and practice, I agree that such release shall not affect or impair my liability on the judgment in this action, or my liability to arrest after the appeal shall have been decided, and the stay inoperative; and in consideration thereof, I release and discharge the plaintiffs, and each of them, their attorney and agents, from all actions, causes of action and damages, by reason of my arrest and such discharge, or either of them.

L. B. GARLINGHOUSE.

Canandaigua, January 16, 1871."

At the foot of this stipulation was the following consent, signed by the sureties of the defendant, in the undertaking executed upon appeal:

" We hereby consent to the release of the defendant within named, from the custody of the sheriff, on the execution in the within entitled action, and agree that such release shall not affect or impair our liability, or the liability of either of us, on the undertaking, on appeal to the general term, this day executed by us.

Dated January 16th, 1871. W. D. RAYMOND.

WM. H. SHELDON."

The defendant made a motion, at special term, for an order vacating and discharging the judgment from the record, upon the ground that the arrest and imprisonment of the defendant was a satisfaction of the judgment; which motion was denied. The defendant had, prior to making said motion, tendered a satisfaction piece, of said judgment, and the fees to pay for the discharge.

*H. O. Chesebro*, for the appellant.

I. The arrest of the defendant on the execution, and imprisoning him, and the consent that he be discharged, was a satisfaction of the judgment. (*Yates* v. *Van Rensselaer*, 5 *John.* 364. *Minton* v. *Woodworth*, 11 *id.* 474. *Poucher* v. *Holley*, 3 *Wend.* 184. *Powers* v. *Wilson*, 7 *Cowen*, 274. *Ransom* v. *Keyes*, 9 *id.* 128. 2 *Mod.* 136. 8 *Cowen*, 171.)

II. The agreement signed by the defendant, dated January 16, 1871, does not affect the question, or keep in life the judgment. The taking the body of the defendant on an execution, itself satisfied the judgment, and no agreement of the defendant, that it should not so operate, could keep alive or revive the judgment. (*Blackburn* v. *Stupart*, 2 *East*, 243. *Yates* v. *Van Rensselaer*, 5 *John.* 364.)

III. Nor does the agreement signed by Raymond and Sheldon, the sureties in the undertaking on appeal, prevent the operation of the well settled rule, that the judgment is satisfied. 1. These sureties could make no contract by which the judgment could be kept alive against the defendant. 2. There was no consideration for the agreement, as between them and the plaintiffs. 3. They were not in any sense parties or privies to the judgment. (*See cases cited under* 2d *point. Kasson* v. *The People*, 44 *Barb.* 347.)

IV. It is submitted that the case presents no facts authorizing the order of the special term, upon the ground on which it was made. 1. There is no evidence whatever, in the papers, that the judgment was recovered in an action for penalties, as is surmised by the learned judge, in his opinion. There is therefore no ground for the supposition that the judgment was for penalties, which, by the act, belonged to the poor of the county. 2. There is nothing in the act of 1857 which prohibits the commissioners of excise from discharging a judgment. 3. The Revised Statutes (2 *R. S. p.* 481, §§ 5, 6,) provide that "where any

Bonesteel *v.* Garlinghouse.

penalty or forfeiture is given by law to any person who will sue for the same, such suit shall be brought in the name of the person commencing the same, who may appear by attorney, and it shall be prosecuted in all respects in the same manner as personal actions, and shall be subject to the provisions of law concerning personal actions." Section 6 provides: "No such suit shall be deemed to be commenced until process shall be actually issued to an officer, to be executed, which process shall not be redelivered to the plaintiff in any case, but shall be returned to the court from which the same issued; and no such action shall be compromised or compounded without the leave of the court in which it shall be pending." 4. It will be seen by reference to the authorities cited by the court in the opinion, that they were all *qui tam* actions, brought by a common informer, and fall within the express provisions of the Revised Statutes, referred to, prohibiting any compromise or compounding of the action without leave of the court.

Neither the statute nor the authorities cited have any reference to an action by these plaintiffs under the act of 1857, even if we indulge in the speculation that it was an action for penalties, under that act.

V. The order of the special term should be reversed, and the judgment against the defendant ordered discharged from the record.

*Wm. H. Adams,* for the respondents.

I. This is in the nature of a *qui tam,* or popular action, and the plaintiffs cannot by any act of theirs discharge the judgment, unless it is actually paid, or the court so directs. (2 *R. S.* 481, §§ 5, 6. 1 *R. L.* 101, § 8. *Minton v. Woodworth,* 11 *John.* 474.) This case in 11 *John.* decides the very question which arises in the case at bar. (*See also Bradway* v. *LeWorthy,* 9 *John.* 251.)

II. The defendant, in support of his position, cites cases in 9 *Cowen,* 2 *East,* and 44 *Barb.*; but it is respectfully submitted, they do not cover this case. They were not of this character of actions. The case in 9 *Cowen* was against the sheriff for an escape, and one where the debtor had settled with the creditor and been discharged from arrest. The case in 44 *Barb.* does not decide the question raised by the defendant upon this motion; nor was this question before the court there; and what is said in the opinion, on this subject, is *obiter dicta.* In the case in 2 *East,* which the counsel mainly relies upon, all that the court holds, is, that the defendant cannot be twice arrested on the same execution, or rather on the same judgment—a proposition which is doubtless correct; but that case does not hold that the release of the debtor is a discharge of the judgment. But it is claimed that the act of 1857, in principle at least, settles the question presented on this motion. That act provides that when a debtor has been charged in execution for the period of thirty days, the judgment creditor may direct his discharge, without affecting his right to enforce and collect his judgment by civil process, though he may not arrest him again on execution. (*Laws of* 1857, *ch.* 427.) If this may be done at the expiration of thirty days, is there any doubt but that the creditor may waive his right to keep the debtor under arrest for that length of time, and direct his discharge before the expiration of thirty days? Clearly, it is not for the debtor to complain that the creditor has not waited the thirty days. (*Baker* v. *Braman,* 6 *Hill,* 47.) But it is claimed that this act is simply an amendment of the act relating to the discharge of innocent debtors, and is intended for the benefit of the debtor, and therefore does not meet this case. Even if this were the case, that act establishes the principle that a creditor may release his debtor from imprisonment without discharging his

Bonesteel *v.* Garlinghouse.

judgment, and this case certainly comes within the policy if not the strict letter of that statute.

III. The opposing affidavits show that the defendant was released from arrest, upon his own request, and for his own benefit and convenience. This, surely, does not satisfy the judgment. ( *Ostrander* v. *Walter*, 2 *Hill,* 329. *Green* v. *Burke*, 23 *Wend.* 490.) . In the cases relied upon by the defendant, the debtor was voluntarily discharged by the creditor, and because it was for the advantage of the creditor to discharge him.

Again; upon bringing an appeal and furnishing security, the court will always order the discharge of a levy obtained upon execution. (*Stricker* v. *Wakeman*, 13 *Abb.* 85.) Why then cannot the parties do by stipulation, what the court would have ordered done, if application had been made? It was to save the delay incident to an application to the court, that the defendant was, at his own request, released.

IV. The defendant's appeal was perfected in December 1870, since which time he has been making preparation to argue it, and endeavored to obtain favors and stipulations from the plaintiffs' counsel, and in many ways has treated the judgment appealed from as valid and binding. It has twice been on the calendar at general term, and at the last term judgment was affirmed. It is therefore insisted that his actions have amounted to a waiver of any right he may have acquired by reason of his discharge from imprisonment; and it is now too late for him to ask to have the judgment vacated.

V. This is not an application that commends itself to the favor of the court. In the language of Justice Grose, who wrote the opinion in the case in 2 *East*, "the conduct of the defendant is scandalous," and the court ought not to uphold him in it; and in the light of the authorities above cited, it is confidently submitted that the order appealed from should be affirmed, with costs.

*By the Court,* JOHNSON, J.   If a creditor give his debtor in execution permission to go at large, beyond the jail or its liberties, the judgment is absolutely discharged. (*Powers* v. *Wilson,* 7 *Cowen* 274.   *Lathrop* v. *Briggs,* 8 *id.* 171. *Ransom* v. *Keyes,* 9 *id.* 128.   *Poucher* v. *Holley,* 3 *Wend.* 184.   *Kasson* v. *People ex rel. Rease,* 44 *Barb.* 347.)   And this is so, even where the debtor agrees, in consideration of such permission, that he will still be bound by the judgment, and that the plaintiff may re-arrest him on another execution, in case he does not pay the judgment.   (*Yates* v. *Van Rensselaer,* 5 *John.* 364.   *Blackburn* v. *Stupart,* 2 *East,* 243.   *Jaques* v. *Withy,* 1 *T. R.* 557.)   This rule has been maintained, inflexibly, by an unbroken current of authority, from a very early period to the present time. In *Blackburn* v. *Stupart,* (*supra,*) the defendant was arrested on a second execution, on his failure to pay the balance due on the judgment, as he had agreed, in order to obtain the plaintiff's permission to go at large.   The defendant, in order to procure his discharge from this second arrest, paid the sheriff the balance due on the judgment, and the additional costs ; and after his discharge by the sheriff, moved to have the second execution set aside, and the money in the sheriff's hands restored to him, which was granted, on a rule to show cause, and the rule made absolute.   Grose, J., said that although the defendant's conduct had been very scandalous, "it would be very dangerous to permit the law to be unsettled."

In *Clark* v. *Clement,* (6 *T. R.* 525,) the defendant had been arrested and discharged on certain terms, and on being arrested the second time, the execution was not only set aside, but satisfaction of the judgment was entered upon the rolls, although the judgment had not been paid, except by the arrest.

In *Basset* v. *Salter,* (2 *Mod.* 136,) the court says : "If there be an escape by the plaintiff's consent, though he

Bonesteel *v.* Garlinghouse.

did not intend it, the law is hard, that the debt should thereby be discharged."

All the cases go upon the ground that the debt is satisfied by the arrest of the person; and the judgment is of no further validity or force, if the plaintiff has consented to the discharge from the arrest. If the discharge is by the act of the law, it is otherwise. The rule being thus settled, the court has no power to change it, but must administer it as it is found. Even if we should be of the opinion that the rule does not rest in sound reason at the present day, it is not our province to disturb it. If the arrest operates as a satisfaction of the judgment, as the authorities all hold, where the discharge therefrom has not been by the act or operation of law, but by the act and consent of the plaintiff in the judgment, such judgment ought to be satisfied of record, as was done in *Clark* v. *Clement*, (*supra.*) It ought not to be allowed to remain of record, as an apparent claim and cloud against the defendant.

The defendant here was released by the plaintiffs, upon his written promise "that such release shall not affect or impair my liability on the judgment in this action, or my liability to arrest after the appeal shall have been decided and the stay inoperative."

The learned justice, at special term, admitted the general rule, but held that it did not apply to this case, because, as he understood it, the judgment was recovered by the plaintiffs in their official character, as commissioners of the board of excise of Ontario county, for penalties incurred by the defendant by reason of his violation of the excise law. There is certainly nothing in the papers before us, from beginning to end, to show what the cause of the action was, upon which the judgment was recovered. The judge, at special term, seems to have inferred it from the title of the action, merely. Indeed he so states in his opinion. If this were a material fact in the case, it is

clear, I think, that the mere circumstance of the addition of "the commissioners of the board of excise of Ontario county" to the names of the plaintiffs, in the title, is not sufficient to establish it. Such an addition to the name of a party plaintiff, without anything else, is, in law, a mere description of the person, and indicates that the action is the private action of such person. (*Merritt* v. *Seaman*, 6 *N. Y.* 168. *Gould* v. *Glass*, 19 *Barb.* 179.)

It may well be doubted, whether the principle would be changed, even if it were shown that the action was by the plaintiffs in their official character, and the recovery for penalties, as supposed. It is unnecessary, however, to decide this, as no such fact is made to appear, and the law will not presume it. As the case stood before the special term, the motion ought to have been granted.

The order of the special term must therefore be reversed, and the order asked for granted, with costs of the appeal.

[Fourth Department, General Term, at Rochester, September 4, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]