## SUPREME COURT.

JANE PATTERSON, Executrix, &c., agt. WILLIAM G. PATTERSON.

*Action for mortgage foreclosure — offset — not allowed.*

In an action by an executrix to foreclose a mortgage for moneys which
became due after the death of the testator, the defendant cannot offset
any debt due from the testator to him, although the offset existed at the
time of the testator's death.

*Special Term, February,* 1873.

VAN BRUNT, *J.*—This is an action to foreclose a mortgage
given as collateral security to a bond conditioned to pay
within four months after the death of one William Patterson,
if he should die after the 9th day of June, 1870, and before
the 9th day of June, 1875, to his executrix or administratrix,
the sum of $1,000.

William Patterson died on the 6th day of February, 1872,
leaving a will, in which the plaintiff was appointed executrix
thereof, and letters testamentary thereon were issued to the
plaintiff on the 7th of May, 1872.

By his answer, the defendant claims to offset in this action
certain debts due from William Patterson in his lifetime to
him, and also the funeral expenses of William Patterson,
which were paid by the defendant. The existence of these
debts was duly proved by the defendant at the trial.

The plaintiff insists that they cannot be offset against the
plaintiff's claim in this action, because the plaintiff's demand
arose after the death of the testator. The case of *Merritt*
agt. *Seaman* (6 *N. Y.*, 168) seems to me to decide the precise
question, and the court does not put the decision, as was

Patterson agt. Patterson.

claimed upon the argument of this case, upon the ground only that the words " executor, &c.," are merely a *descriptio personæ*, and the suit is to be considered as one brought by an individual plaintiff. The first ground upon which the case is decided is distinctly stated to be that the offset could not be allowed, because the claim sued upon arose after the testator's death, notwithstanding the offset existed at the death of the testator.

The cases cited in *Merritt* agt. *Seaman* also fully sustain the position of the plaintiff.

The plaintiff must have judgment of foreclosure and sale.