MURRAY *et al.*, executors, etc., v. CHURCH *et al.*, appellants.

*Demurrer — variance between title of action and body of complaint — Foreclosure action — allowance in.*

Plaintiffs in the title of the action described themselves as executrix and executor of the will of P. M., deceased, and in the complaint, set forth a cause of action as of their own right. *Held*, that the complaint was not demurrable. *Merritt* v. *Seaman*, 6 N. Y. 168.

The action was for the foreclosure of a mortgage. The court below overruled a demurrer thereto as frivolous, and gave judgment of foreclosure and sale, with an allowance of two and one-half per cent. *Held*, that such allowance was within the discretion of the court.

APPEAL from an order of the special term overruling a demurrer as frivolous.

The action was brought to foreclose a mortgage. The plaintiff, Ellen Mary Murray, and another, in the title of the suit are described as executrix and executor of Peter Murray, deceased, being the same terms used in the bond and mortgage, and wherever mentioned subsequently in the complaint, they are referred to simply as "the plaintiffs." The defendant, Simeon E. Church, demurred on the grounds that it did not appear from the complaint, that plaintiffs had any authority to act as executors of the estate of Peter Murray, or that there was any such estate, and that the complaint did not set forth facts sufficient to constitute a cause of action. The demurrer was overruled as frivolous and judgment of foreclosure and sale directed in the usual form, with an allowance of two and one-half per cent to plaintiffs.

*S. E. Church*, for appellant.

*Boardman & Boardman*, for respondent. This case is different from those in which the mortgage has been made to a testator while living. *Christy* v. *Libby*, 35 How. Pr. 119; *Lanning* v. *Carpenter*, 48 N. Y. 410; 5 Sandf. 533; Code, § 142.

DANIELS, J. The plaintiffs in the title of this action describe themselves as executrix and executor of the last will and testament of Peter Murray, deceased, and they then ·proceed, for the pur-

pose of alleging a cause of action, to set out in the complaint the execution and delivery by the defendants, Margaret L. and Henry Wood, to the plaintiffs, in their individual capacity, of a bond and mortgage to secure the sum of $5,500, with interest. They also show that the moneys secured and agreed to be paid have become due, and that the same are wholly unpaid, and that the other defendants have some interest in or lien upon the mortgaged premises, or some part of them, which accrued subsequent to the lien of the mortgage. The mortgage is alleged to .have been recorded, and judgment of foreclosure and sale is demanded. A good cause of action is completely alleged and set forth in the complaint, but it appears to be in the plaintiffs' own right, and not in their representative capacity. If they had not described themselves as executrix and executor, no possible objection could be made to the cause of action alleged. It would then be as complete and perfect as any rules of pleading could require it to be. The circumstance that they did so describe themselves does not in any manner change the effect of the facts alleged. That is merely a description of their persons, and in view of the facts stated, it does not warrant the conclusion that the suit must be maintained by them in that capacity. They were at liberty, notwithstanding that description, to rely upon a cause of action existing in their favor, in their own right. And in doing so, their complaint, being sufficient in all other respects, was not demurrable on account of the fact that in the title of the action they described themselves as having a representative character. This point is very well settled by the case of *Merritt* v. *Seaman*, 6 N. Y. 168, and the authorities referred to in the opinion of Judge GRIDLEY.

As the bond and mortgage were executed and delivered to the plaintiffs, and secured the moneys mentioned to them, they did have the legal capacity to maintain the present action for the foreclosure of the mortgage, although they were executor and executrix precisely as the title of the action stated them to be. And the facts set forth in the complaint presented a perfect cause of action in their favor. The demurrer presenting only these objections, was, therefore, clearly frivolous and was properly overruled as such.

The allowance made of two and a half per cent was within the discretion conferred upon the court in this class of cases (Code, § 309), and there is nothing in the case showing that it was improperly exercised on the present occasion. But if there were any

thing of that nature in the case, it would not aid the defendant appealing, because no exception was taken presenting it for consideration. As no other objections are presented by the appeal, the judgment should be affirmed, with costs.

DAVIS, P. J., concurred.

*Judgment affirmed.*