JOHN H. BURNS, APPELLANT, v. THE CITY OF SCHENECTADY, RESPONDENT.

*Evidence — the fact that other persons have been injured by the obstruction complained of, when admissible — when an objection cannot be first taken on appeal.*

In an action to recover damages for an injury sustained by the plaintiff in falling over a water-gate projecting from the sidewalk in one of the streets of the defendant, a witness for the plaintiff having testified that he knew of the existence of the water-gate at the place where the plaintiff fell, for some year and a-half before the accident, was asked, "Did you ever know of anybody falling over there before?" Upon the defendant's objecting that the evidence was immaterial and irrelevant, the court excluded it.
*Held,* that this was error.
*Held,* further, that the defendant could not insist upon the appeal that the evidence was properly rejected on the ground that it did not appear when such other falls had occurred, or that the condition of the water-gate was the same as at the time of the accident, as such grounds of objection were not stated at the trial.

APPEAL from a judgment in favor of the defendant entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justices before whom the action was tried.

*Samuel T. Benedict* and *E. W. Paige*, for the appellant.

*S. W. Jackson*, for the respondent.

BOARDMAN, J. :

This case comes up on two exceptions taken upon the trial to rulings of the court excluding evidence. The action was brought to recover damages sustained by falling over a water-gate projecting from the sidewalk in one of the streets of Schenectady. The evidence is not returned. A brief statement is made showing what the evidence tended to establish and how the question arose. A witness for plaintiff testified that he had known of this water-gate where plaintiff fell for a year and a-half or so, and was then asked by plaintiff this question, " Did you ever know of anybody falling over there before ? " Objected to by defendant and objection sustained. Plaintiff excepted.

Question. " Have you known of anybody falling over the same water-gate before ? "

Objected to as immaterial and irrelevant. Objection sustained and plaintiff excepted.

The evidence called for by these questions was competent. (*Quinlan* v. *The City of Utica*, 11 Hun, 217, aff'd in the Ct. of App., 74 N. Y., 603 ; *Eggleston* v. *Columbia Turnpike Road*, 18 Hun, 146.) This last case was reversed in the Court of Appeals, October, 1880 (10 W. D., 561), but not upon any point raised in this court.

The counsel for defendant attempts to sustain the ruling of the court upon the ground that it did not appear when such other falls occurred, or that the condition of the water-gate and sidewalk was then the same as at the time of plaintiff's fall. There are two answers to this position.

*First.* The evidence is not returned. We are not advised what evidence had been given. *Non constat* such evidence may have been in the case.

*Second.* The objections are not such as will raise such a question. Where the grounds of an objection could be obviated by other evidence, the grounds must be stated that the party may cure the defect. It is only when the evidence cannot be admitted in any view of the case that a general objection will be sufficient. The testimony was not immaterial or irrelevant if a proper foundation was first laid for it. (*Merritt* v. *Seaman*, 6 N. Y., 168 ; *Fountain* v. *Pettee*, 38 id., 184.)

Besides it may well be that the evidence asked for would have fixed the time of other falls at about the time plaintiff fell.

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.