FIRST NATIONAL BANK OF NORTHAMPTON, Respondent, *against* IRA E. DOYING, Impleaded with Willet Bronson *et al.*, Appellant.

(Decided June 7th, 1886).

A complaint which alleges that the plaintiff is incorporated under an act of Congress, but contains no allegation as to whether it is a foreign or domestic corporation, as required by section 1775 of the Code of Civil Procedure, and which does not specifically state whether its location is within or without the state, is defective; and the defect can be taken advantage of by demurrer.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon an order overruling an amended demurrer to a complaint.

The facts are stated in the opinion.

*John C. Shaw*, for appellant.

*Charles W. Wetmore*, for respondent.

PER CURIAM.—[Present, ALLEN and BOOKSTAVER, JJ.]— The action is on a promissory note. The complaint alleges:

"*First.* That at the times hereinafter mentioned the plaintiff was, and now is, a National Banking Association incorporated and doing business under and by virtue of an act of Congress, entitled, 'An act to provide a national currency,'" &c., but contains no allegation as to whether it is a foreign or domestic corporation.

For some inscrutable reason section 1775 of the Code requires this allegation in every complaint by or against a corporation.

The court below held that inasmuch as it was alleged in the complaint that the plaintiff was incorporated under the act of Congress, it was from the very nature of its incorpo-

ration a foreign corporation, and that where this was a self evident fact it added no force to the pleading to allege that it was a foreign corporation.

The difficulty with this position is that section 3343 subdivision 18 of the Code says a " domestic corporation " is a " corporation created by or under the laws of the state; or located in the state and created by or under the laws of the United States . . . . . every other corporation is a foreign corporation." Therefore a national bank is either a foreign or domestic corporation, according to its location within or without this state, and as this is not specifically stated, the complaint is defective in that particular, and this defect can be taken advantage of by demurrer (*Baker* v. *Star Printing &c. Co.*, 3 Law Bull. 29 ; *Clegg* v. *Cramer*, N. Y. Daily Register Jan. 19th, 1886 ; *First Nat. Bank of Northampton* v. *Doying*, March, 1886, General Term of this court).

The judgment must therefore be reversed, but as the defect complained of could mislead no one, and the demurrer is highly technical, the plaintiff is given leave to amend its complaint in any way it may be advised within six days after the service of an order reversing the judgment on its attorneys. The costs of this appeal to abide the event of the action, and with costs of prior proceedings in the court below at the discretion of that court.

Judgment reversed, with costs as directed in the opinion.