SCHILLINGER FIRE-PROOF CEMENT & ASPHALT CO. *v.* ARNOTT *et al.*

(*Supreme Court, Special Term, New York County.* May, 1891.)

1. MECHANICS' LIENS—FORECLOSURE—JURY TRIAL—CONSTITUTIONAL LAW.

Laws N. Y. 1844, c. 220, relating to mechanics' liens in New York city, merely provided that liens may be filed where work has been done or materials furnished on buildings in that city; that foreclosure proceeding should be commenced by the service of a notice on the owner; and that issue should be joined on the appearance of the parties and tried as in action of *assumpsit.* Laws N. Y. 1885, c. 342, relating to mechanics' liens, applies to the entire state; and provides that, in an action to foreclose, all persons having a lien on the property must be made defendants, and that the court may settle and determine the equities of all the parties thereto; and section 12 provides that the issues joined must be tried the same as other issues are tried. *Held,* that the act of 1885 does not violate Const. N. Y. 1846, art. 1, § 2, which provides that "trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," since the issues of fact in an action to foreclose a mechanic's lien are still triable by jury.

2. CORPORATIONS—PLEADING—CORPORATE EXISTENCE.

Failure to allege in the complaint that plaintiff is a corporation is ground for demurrer, though plaintiff is described in the title of the action as a company, and the complaint itself begins as follows: "The plaintiff above named, a corporation organized under the laws of the state of New York, and doing business in New York city, by J. V. Santvoord, its attorney, complaining of the defendants, alleges," etc. Following *Society v. Anderson,* 2 N. Y. Supp. 49; *Oesterreicher v. Sporting Times Pub. Co.,* 5 N. Y. Supp. 2.

3. MECHANICS' LIENS—FORECLOSURE—PARTIES.

In an action to foreclose a mechanic's lien, the complaint alleged that one A., as trustee, received a certain mortgage of the premises, which was duly recorded. A., as trustee, was not made a defendant, though he was joined individually. *Held* a defect of parties defendant, under Laws N. Y. 1885, c. 342, § 17, which provides that, in actions to foreclose mechanics' liens, plaintiff must make persons who have subsequent liens by judgment, mortgage, etc., parties defendant.

4. SAME—MISJOINDER OF CAUSES OF ACTION.

A complaint improperly unites causes of action where it joins with an alleged cause of action to foreclose a mechanic's lien for a certain sum a further alleged cause of action for labor and materials furnished, for which payment became due after the filing of such lien.

5. SAME—PLEADING—COMPLAINT.

The complaint, in an action to foreclose a mechanic's lien, must show that the notice of lien was drawn in conformity with Laws N. Y. 1885, c. 342, § 4, which sets forth in detail what the notice of lien must contain.

Action by the Schillinger Fire-Proof Cement & Asphalt Company against William H. Arnott and others, to foreclose a mechanic's lien. Defendant demurs to the complaint.

*John V. Van Santvoord*, for plaintiff. *Carlisle Norwood, Jr.*, and *Charles B. Reid*, for defendants.

ANDREWS, J. The first ground of demurrer to the complaint is that the court has not jurisdiction of the subject of the action. The argument in support of this ground of demurrer is substantially as follows: The constitution of this state, adopted in 1846, (article 1, § 2,) declares that trial by jury should, "in all cases in which it has been heretofore used, remain inviolate forever;" that, at the time of the adoption of this constitution, trial by jury was in use in actions to foreclose mechanics' liens; that existing laws do not provide for trial by jury in actions of that description, and consequently such laws are unconstitutional and void; and that, as the right to file mechanics' liens, and to maintain an action to foreclose the same, did not exist at common law, but are creatures of statute, and as the law now upon the statute book is unconstitutional and void, for the reasons above mentioned, therefore the court has no jurisdiction in actions of this description. The answer to this argument is very simple, and is, in substance, that existing statutes in this state do not deprive litigants of a trial by jury in actions to foreclose mechanics' liens in any case in which such trial was in use at the time of the adoption of the constitution of 1846. The act in force at that time was chapter 220 of the Laws of 1844, but the scope and provisions of that statute are very different from those of chapter 342 of the Laws of 1885, which is the mechanics' lien law now in force in this state. The act of 1844 applied to the city of New York only, and authorized the filing of liens where work had been done, or materials furnished, upon houses or buildings and appurtenances in that city. Provision was made in that statute for the foreclosure of such lien by serving a certain notice, and it was provided that, on the appearance of the parties, issue should be joined on the claims made, and notices of set-off served, and that the same might be noticed for trial and put upon the calendar of the court by either party, and should be governed and tried and the judgment thereon enforced in all respects in the same manner as upon issues joined and judgment rendered in actions of *assumpsit* in said court. This statute treated the proceeding to enforce a lien as if it were an action at common law to recover a debt. There was no provision in it which required or authorized the party seeking to enforce the lien to bring in other lienors or claimants, nor did the statute contain any provision authorizing the court to determine the equities between different lienors and claimants; nor did the statute provide, in terms, that the judgment to be entered should direct a sale of the property upon which the lien had been placed. Under this statute a party seeking to foreclose a lien undoubtedly had the right to have the amount of his lien or claim determined by a common-law jury, and, when such amount had been fixed by the verdict of a jury, was entitled to enter a common-law judgment for such amount, and to issue an execution to collect it; and the right to have such a trial by a jury has never been taken away, and exists at the present time under the statutes now in force. The scope and character of the act (chapter 342 of the Laws of 1885) is very different from the scope and character of chapter 220 of the Laws of 1844. It is an act which applies to the whole state, and contains very elaborate provisions. Among other provisions, not contained in the act of 1844, is the provision by which the person seeking to foreclose a mechanic's lien must make the parties who have filed notices of lien against the property, as well as those who have subsequent liens and claims by judgment, mortgage, or conveyance, parties defendant. Another provision, not contained in said act of 1844, is the very

important one that the court may settle and determine the equities of all the parties thereto, and decide as to the extent, justice, and priority of the claims of all parties to the actions, and upon every counter-claim or set-off alleged therein. The statute also has a provision, which is not contained in the act of 1844, that execution may issue upon the judgment that may be entered in an action to foreclose a lien, the same as upon judgments in actions on contract, except that the execution shall direct the officer to sell the right, title, and interest of the owner, or other persons in interest, in the premises, upon which the claim set forth in the complaint was a lien at the time of the filing of notice of lien. Section 8 of this statute provides that the manner and form of instituting and prosecuting any such action to judgment shall be the same as in actions for the foreclosure of mortgages upon real property, except as in the statute otherwise provided for. Section 12 provides that the issues, joined as provided in section 11, must be tried the same as other issues are tried in the respective courts in which the action is brought. These provisions are *in pari materia*, and must be read in connection with sections 823 and 970 of the Code of Civil Procedure. Any party to an action to foreclose a mechanic's lien, brought pursuant to the provisions of said act of 1885, has the undoubted right to have the amount of his claim or lien fixed by the verdict of a jury, and, if he demands that right, the court has the power, under section 823, to make an order for the trial by a jury of the question as to the amount of such lien or claim; and, under section 970 of the Code, any party demanding such right would be absolutely entitled to such an order. After the amount of said claim or lien had been determined by the jury, the case would, however, have to be sent back to the special term, in order that the court, if there were several lienors or claimants, might determine the equities between them, and, in any case, in order that the court might direct the entry of a proper judgment. And although the usual practice in this district has been to try actions to foreclose mechanics' liens at special term, without a jury, I am informed that in other districts, where the case does not involve a long account, it is a common practice to have the question as to the amount of the different liens and claims tried before a jury, and, when the amount of such liens or claims has been determined by the jury, for the judge holding special term to make a final disposition of the case. I am of the opinion that the first ground of demurrer should be overruled.

The second ground of demurrer is that the plaintiff has not legal capacity to sue, in that the complaint does not aver that the plaintiff is a corporation, and that it does not state whether it is a domestic corporation. In the title of the action the plaintiff is described as a company, and the complaint itself begins as fellows: "The plaintiff above named, a corporation organized under the laws of the state of New York, and doing business in New York city, by J. V. Van Santvoord, its attorney, complaining of the defendants, alleges." There is no averment in the body of the complaint that the plaintiff is a corporation, nor does the complaint state, except as above, whether it is a domestic or a foreign corporation. As an original question, I should have been inclined to hold that the clause above quoted should be regarded as an averment that the plaintiff was a corporation, and was incorporated under the laws of the state of New York, but, under the decisions of courts, I feel constrained to hold that the demurrer upon this ground must be sustained. *Bank* v. *Doying*, 13 Daly, 509; *Clegg* v. *Chicago News Union*, 8 Civil Proc. R. 401; *Oesterreicher* v. *Sporting Times Pub. Co.*, 5 N. Y. Supp. 2; *Society* v. *Anderson*, 2 N. Y. Supp. 49; *Baker* v. *Printing Co.*, 3 Month. Law Bul. 291. There are also a large number of cases in which it has been held that introductory matter, such as that above quoted, is merely descriptive, and is not traversible by answer, and does not raise any issue. *Merritt* v. *Seaman*, 6 N. Y. 168; *Forrest* v. *Mayor*, 13 Abb. Pr. 350; *Gould* v. *Glass*, 19 Barb.

180; *Sheldon* v. *Hoy*, 11 How. Pr. 11, 12; *Butterfield* v. *Macomber*, 22 How. Pr. 150; *Bonesteel* v. *Garlinghouse*, 60 Barb. 338; *Grantman* v. *Thrall*, 44 Barb. 173; *Bangs* v. *McIntosh*, 23 Barb. 591, 598.

The third ground of demurrer is that there is a defect of parties defendant, in that William H. Arnott, as trustee under the mortgage on the premises referred to in the complaint, is not a party defendant.  Section 17 of said act of 1885 provides that the plaintiff must make persons who have subsequent liens or claims by judgment, mortgage, or conveyance parties defendant.  It is stated in the complaint that Arnott, as trustee, received a certain mortgage, which was recorded on February 13, 1891.  Although Arnott is individually made a defendant, he is not made a defendant as such trustee, and the demurrer upon this ground must be sustained.

The fourth ground of demurrer is that causes of action have been improperly united, in that the complainant has united, with an alleged cause of action to foreclose a lien for $5,000, a further alleged cause of action for labor and materials furnished, and for which, it is claimed, payment became due after the filing of said lien.  I am also of the opinion that, under the authorities, the demurrer upon this ground must be sustained.  Code Civil Proc. § 484, subd. 9; *Burroughs* v. *Tostevan*, 75 N. Y. 567; *Nichols* v. *Drew*, 94 N. Y. 22, 26; *Stanton* v. *Railroad Co.*, 2 N. Y. Supp. 298.

The fifth ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action.  Section 4 of said act of 1885 sets forth in detail what the notice of lien filed under said statute must contain.  The complaint does not show that the notice of lien alleged to have been filed was drawn in conformity with the requirements of said section 4, and the complaint is therefore demurrable upon this ground.  *Kechler* v. *Stumme*, 36 N. Y. Super. Ct. 337, 340.  The demurrer to the complaint, so far as it relates to the first ground, therefore, must be overruled, and, so far as it relates to the second, third, fourth, and fifth grounds thereof, must be sustained, with leave to the plaintiff to amend on payment of costs.