## RIGGS *v.* SHANNON *et al.*

*(Common Pleas of New York City and County, Special Term.* November, 1891.)

1. MECHANICS' LIENS—FORECLOSURE—JURY TRIAL—CONSTITUTIONAL LAW.

Laws 1844, c. 220, applying only to the city of New York, provided that, in the foreclosure of mechanics' liens, the issue should be joined and the judgment enforced in the same manner as in actions of *assumpsit.* Const. 1846, art. 1, § 2, declared that trial by jury should, "in all cases in which it has heretofore been used, remain inviolate forever." *Held,* that this does not render unconstitutional the mechanic's lien act of 1885, c. 342, applying to New York city as well as to the state generally, providing that the manner and form of instituting and prosecuting to judgment actions to foreclose mechanics' liens shall be the same as in actions to foreclose mortgages, and thus taking away the right to a trial by jury in such actions.

2. SAME.

Laws 1885, c. 342, (Mechanic's Lien Act,) provides that the manner and form of instituting and prosecuting actions to foreclose mechanics' liens shall be the same as in actions to foreclose mortgages, (there being no right to a trial by jury in such actions.) Code Civil Proc. § 970, as amended by Laws 1891, c. 208, provides that where one or more questions arise on the pleadings "as to the value of property, or as to the damages which a party may be entitled to recover," either party may apply for an order directing "all such" issues to be stated for trial. *Held* that, in an action to foreclose a mechanic's lien, a party is only entitled to a trial by jury on the questions of the value of the property and damages, and not as to extra work done under the contract, or as to whether an alleged agreement was made subsequent to the contract, or as to payments.

Action by John Riggs against Margaret Shannon and Thomas Shannon to foreclose a mechanic's lien. Plaintiff moves the court for a jury trial as to certain issues of fact.

*William P. Prentice,* for the motion. *Williard Packer Butler,* opposed.

BOOKSTAVER, J. The action is brought in the usual form, to foreclose a mechanic's lien, and the contention is that in such actions the plaintiff is entitled, as a matter of right, to try all questions of fact by a jury. Section 8, c. 342, Laws 1885, governing mechanics' liens, provides that "the manner and form of instituting and prosecuting any such action to judgment * * * shall be the same as in actions for the foreclosure of mortgages upon real property, except as herein otherwise provided." Actions to foreclose mortgages on real estate are invariably tried by the court without a jury, and the instances are rare where the court has sent any issue of fact in such case to a jury for determination, and when this has been done it has always been at the discretion of the court. But plaintiff contends that the constitution of 1846, art. 1, § 2, declared that trial by jury should, "in all cases in which it has heretofore been used, remain inviolate forever;" that at the time the constitution was adopted trial by jury was in use in actions to foreclose mechanics' liens; that the section of the act of 1885 before quoted takes away this right, and is therefore unconstitutional and void. If this conclusion is sound, it goes too far. It would prevent the plaintiff from recovering any judgment in this action. He has filed his lien and brought his action under the provisions of this act, and, if the mode of enforcing his rights under it is unconstitutional, then no way is provided for the adjudication of his claim. He cannot at the same time assert that a law is void, and yet seek to enforce its provisions. But I do not think the law is unconstitutional. The act in force in 1846 was chapter 220 of the Laws of 1844. This was a purely local law, an' applied to the city of New York alone. It authorized the filing of liens where work had been done or materials furnished upon houses or buildings and appurtenances in that city. It provided for the foreclosure of such liens by serving certain notices, and that on the appearance of the parties issue should be joined on the claims made, and notices of set-off served, and that the matter should be noticed for trial and put upon the calendar of the court by either party, and should be tried and judgment enforced in all respects in the

same manner as upon issue joined and judgment rendered in actions of *assumpsit*. This statute regarded the proceeding as if it were an action at common law to recover a debt. But this law was repealed by chapter 500 of the Laws of 1863, and the validity of the last-mentioned act has never been questioned, as far as I am aware. The act of 1863 was repealed by the law under consideration, so that if the act of 1885 is void there is no mechanic's lien law which can be enforced in this city. I do not think, however, that the people of the state of New York, when they adopted the ·constitution of 1846 and the provision referring to jury trials, intended to declare that every or any local law in which the legislature had theretofore provided for a jury ·trial as a matter of convenience, and which affected a limited district in the state only, should never be modified or altered as to the mode of enforcing such laws by the legislature, and could only be changed by the adoption of a new constitution. The provision was intended to preserve to the people the right to a trial by jury in every case where such trial had theretofore been used as a matter of right by the people of the whole state. To hold otherwise might continue a local law in force long after its usefulness had passed, and would in all cases retard the making of a uniform system of law for the whole people. The act of 1885 was intended to and did make uniform the law regulating mechanics' liens throughout the state, besides extending its operation and making it more effective. As it now stands, actions brought under it often present questions of the highest equity between the owner and the various lienors, and it is eminently proper that they should be tried by the court without a jury.

But plaintiff further contends that even if the law be constitutional, yet as it has been distinctly held in *Asphalt Co.* v. *Arnott*, (Sup.) 14 N. Y. Supp. 326, that actions to foreclose mechanics' liens are triable by a jury, I should follow that decision. That case was heard on demurrer at special term, and involved a number of other questions, so that it is quite probable that the point under consideration in this case did not receive the learned justice's full consideration in that. The decision of the question seems to have been based largely on sections 11 and 12 of the act of 1885, which expressly provide that the issues in such actions "must be tried the same as other issues are tried in the respective courts in which the action is brought," from which he concludes that they may be tried by a jury. Doubtless his attention was not called to the fact that section 8, conforming the procedure to that in actions for the foreclosure of mortgages on real estate, applies to courts of record exclusively, while sections 11 and 12 are applicable to courts not of record only, and probably constitute the exception contemplated in section 8. In *Kenney* v. *Apgar*, 93 N. Y. 539, 550, it was held that an action of this kind "was an action in equity, triable by the court without a jury, as to which neither party had a right to a jury trial, except as to such issues as might be framed and sent to a jury." Of course the latter class of issues are always at the discretion of a court of equity. But that is a matter of discretion, and not of right, as claimed in this case.

The case last cited seems to me conclusive on this question, unless the amendment to section 970 of the Code in 1891[1] gives the plaintiff a right he did not have before. That section, as amended, among other things, provides that "where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover, either party may apply, upon notice, at any time, to the court for an order directing all such issues or questions to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application the court must cause such issues or questions to be distinctly and plainly stated." A glance at the section as it stands will convince any legal mind that the great mass of questions which arise in

[1] Laws 1891, c. 208.

equity actions are still to be tried by the court, or may, in its discretion, be sent to a jury for trial. In two classes of questions only must they, under proper supervision, be sent to a jury. These are questions as to the value of property and as to damages. In the ordinary action brought to foreclose mechanics' liens, such issues seldom arise. The questions generally are as to whether or not the parties have acquired liens, the nature and amount of the lien, and the equities which exist between the owner, the principal contractor, and the various subcontractors. So, in this case, all the questions proposed by the plaintiff to be sent to a jury for trial, with one exception, relate to extra work under a contract, an alleged subsequent agreement, the payments made under the contract or contracts, and whether or not the defendants were obliged to complete certain work at their own expense, and, if they were, how much did they expend on such work? None of these questions affect either the value of property or the damages one party may be entitled to recover as against the other, any more than they do in the ordinary action for the dissolution of a copartnership and an accounting, or the foreclosure of a mortgage on real estate. The motion should therefore be denied as to all the foregoing questions.

The defendants, however, set up a counter-claim, in which they ask for judgment against the plaintiff, not only for the money which they claim they had to expend to complete certain work left undone by the plaintiff, but also for damages caused by his delay. I think, under section 970 of the Code, as amended, plaintiff is entitled to have the question of damages for delay submitted to a jury, unless the defendants before the settlement of an order in th s case, which must be done on three days' notice, stipulate to abandon their claim for damages by reason of the delay, in which event the motion will be altogether denied. Although the plaintiff argued this motion solely on the ground that he was entitled to have the issues in the action tried by a jury as a right, yet, as in his brief he has urged his poverty as a matter addressed to the discretion of the court, it may be proper to say a word on that point. I am not convinced that it is right in any case to allow a party to deviate from the ordinary procedure prescribed by law, because that procedure may involve a hardship, unless the poverty is so great as to warrant the court in allowing him to proceed *in forma pauperis*. In this case, the plaintiff chose to bring his action in this court, well knowing its course of procedure, when, had he chosen, he could have brought it in a district court, where he could have demanded a trial by jury as a matter of right, and it is not in the interests of justice that such a course should be encouraged.