GENET v. DE GRAAF et al.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

EXECUTORS—PERSONAL LIABILITY—ATTORNEY'S SERVICES.

     For legal services rendered to executors under a contract with them they are liable individually, and not in their representative capacity, and the addition of the word "executors" to their names in the title to an action against them to recover compensation therefor is a mere descriptio personæ, and does not change the nature of the action, nor add or take away anything from the allegations of the complaint.

Appeal from special term.

Action by Albert R. Genet against Amanda M. De Graaf and another, executors. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. R. Genet, in pro. per.
George C. Lay, for respondents.

RUMSEY, J.   The demurrer was evidently interposed upon the idea that the pleader had endeavored in his complaint to set out a cause of action against the executors which would enable him to recover de bonis testatoris.   If that idea were correct, there is no doubt that the demurrer would have been well taken.   The complaint does not allege either the probate of the will of the testator, or the issue of letters testamentary to his executors, or any fact from which it could be assumed that the persons named as defendants had any authority to act as executors of the testator.   The addition of the words "executrix and executor of the last will and testament of Henry P. De Graaf, deceased," to the names of the defendants in the title to the action is a mere descriptio personæ, and does not change the nature of the action, or add or take away anything from the effect of the allegations in the complaint. Merritt v. Seaman, 6 N. Y. 168.   The facts set out in the complaint do not create a cause of action against the executors in their representative capacity.   Ferrin v. Myrick, 41 N. Y. 315.   So that, in any aspect of the case, it is quite clear that no cause of action against these defendants in their representative capacity was set out in the complaint.

But the questions presented in this case are to be determined, not by what the defendants supposed the plaintiff intended, or even by what the plaintiff meant to allege, but by what he has actually said in his pleading.   The complaint alleges that the plaintiff was an attorney and counselor, and as such was retained and employed by the defendants and another person, since deceased, to perform certain services for them in his capacity as attorney and counsel, and did perform the same.   It further contains an allegation that the services, and the nature of them, and the times when performed, are set out in a certain exhibit which forms a part of the complaint, and the complaint then goes on to allege that the said services were, and each of them was, reasonably worth, and they promised to pay him therefor, the sum set opposite to each item in the exhibit; and the services on the whole were reasonably worth, and they promised to pay him therefor, the sum of $6,850.   These allegations contained a perfect cause of action against the defendants who are named in the complaint, and they show a sufficient reason for not joining with those defendants the other joint promisor, who is alleged to be dead; and the cause of action against those persons named as defendants is therefore perfect.   It is quite true that the complaint describes the defendants and Hamilton as executrix and executors under the last will of Henry P. De Graaf, deceased, and it contains various other allegations in regard to that will, and to their position as executors, but what is said in that regard is entirely surplusage, and does not affect the weight of the statements quoted above, which set out a good cause of action against the defendants.   None of the grounds of demurrer, therefore, is well taken.

The judgment sustaining the demurrer should be reversed, and judgment entered for the plaintiff, overruling the demurrer, with costs, with leave to the defendants to withdraw the demurrer, and answer in 20 days, on payment of the costs of the demurrer in the court below and of this appeal.   All concur.