ALBERT R. GENET, Appellant, v. AMANDA M. DE GRAAF, Executrix, and HENRY D. COCHRANE, Executor, under the Last Will and Testament of HENRY P. DE GRAAF, Deceased, Respondents.

*Action for legal services — sufficiency of a complaint against parties named as executors to enforce an individual liability.*

A complaint in an action, in the title of which the words "executrix" and "executor" follow the names of the defendants, which alleges that the plaintiff is an attorney and counselor at law, and in such capacity was employed by the defendants and another person, since deceased, "executrix and executors under the last will and testament of Henry P. De Graaf, deceased," to perform, and that he did perform, certain services for them, and which further alleges that such services are set forth in an exhibit forming part of the complaint, and were reasonably worth, and that the defendants promised to pay therefor, a sum named, states a good cause of action against the defendants individually, and not in their representative capacity.

The allegations describing the defendants as executrix and executors of the last will and testament of Henry P. De Graaf, deceased, are *descriptio personæ* and surplusage, and do not affect the question as to the capacity in which the defendants are sued.

APPEAL by the plaintiff, Albert R. Genet, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 5th day of November, 1897, upon the decision of the court rendered after a trial at the New York Special Term sustaining the defendants' demurrer to the complaint.

This action was brought to recover for legal services alleged in the complaint to have been rendered by the plaintiff upon the employment and retainer of the defendants, and of one Richard Hamilton, since deceased, "executrix and executors under the last will and testament of Henry P. De Graaf, deceased."

*Albert R. Genet*, appellant, in person.

*George C. Lay*, for the respondents.

RUMSEY, J.:

The demurrer was evidently interposed upon the idea that the pleader had endeavored in his complaint to set out a cause of action against the executors, which would enable him to recover *de bonis*

*testatoris.* If that idea were correct there is no doubt that the demurrer would have been well taken. The complaint does not allege either the probate of the will of the testator, or the issue of letters testamentary to his executors, or any fact from which it could be assumed that the persons named as defendants had any authority to act as executors of the testator. The addition of the words executrix and executor of the last will and testament of Henry P. De Graaf, deceased, to the names of the defendants in the title to the action is a mere *descriptio personæ*, and does not change the nature of the action or add or take away anything from the effect of the allegations in the complaint. (*Merritt* v. *Seaman*, 6 N. Y. 168.) The facts set out in the complaint do not create a cause of action against the executors in their representative capacity. (*Ferrin* v. *Myrick*, 41 N. Y. 315.) So that, in any aspect of the case, it is quite clear that no cause of action against these defendants in their representative capacity was set out in the complaint.

But the questions presented in this case are to be determined, not by what the defendants supposed the plaintiff intended, or even by what the plaintiff meant to allege, but by what he has actually said in his pleading. The complaint alleges that the plaintiff was an attorney and counselor, and, as such, was retained and employed by the defendants and another person since deceased, to perform certain services for them in his capacity as attorney and counsel, and did perform the same. It further contains an allegation that the services and the nature of them, and the times when performed, are set out in a certain exhibit which forms a part of the complaint; and the complaint then goes on to allege that the said services were, and each of them was reasonably worth, and that the defendants promised to pay him therefor, the sum set opposite to each item in the exhibit, and the services on the whole were reasonably worth, and they promised to pay him therefor the sum of $6,850. These allegations contained a perfect cause of action against the defendants who are named in the complaint, and they show a sufficient reason for not joining with those defendants the other joint promisor, who is alleged to be dead; and the cause of action against those persons named as defendants is, therefore, perfect. It is quite true that the complaint describes the defendants and Hamilton as executrix and executors under the last will of Henry P. De Graaf, deceased, and it contains various

other allegations in regard to that will and to their positions as executors; but what is said in that regard is entirely surplusage and does not affect the weight of the statements quoted above, which set out a good cause of action against the defendants. None of the grounds of demurrer, therefore, is well taken. The judgment sustaining the demurrer should be reversed and judgment entered for the plaintiff overruling the demurrer, with costs, with leave to the defendants to withdraw the demurrer and answer in twenty days, on payment of the costs of the demurrer in the court below and of this appeal.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed and judgment ordered for plaintiff overruling demurrer, with costs, with leave to defendants to withdraw demurrer and answer in twenty days, on payment of costs in the court below and of this appeal.