## BADGER a. BENEDICT.

*New-York Common Pleas; Special Term, February,* 1857.

JOINDER OF CAUSES OF ACTION.—SEPARATE STATEMENT, HOW
ENFORCED.

A claim for damages for a violation of an agreement to furnish paper for the
printing of a work, and to print and bind the work, may be joined in the same
complaint with a claim for damages for injuries received by the stereotype
plates of the same work, while in defendant's possession for use in such print-
ing; on the ground that the two causes of action arose out of the same trans-
action.

A *demurrer* does not lie to a complaint for the defect of not separately stating
two or more causes of action; they being such as might be united in one com-
plaint, if properly drawn.

Relief in such case must be sought by *motion.*

Demurrer to complaint.

BRADY, J.—This is an action to recover damages for a viola-
tion of an agreement to furnish paper for and to print and bind
a Memoir, and for damages for the destruction of the stereotype
plates of the Memoir, delivered by the plaintiff to the defend-
ant for such printing, &c. The causes of action, namely, the
violation of the contract, and the cause arising from the destruc-
tion of the plates, are not separately stated, the pleader regard-
ing the whole as constituting a single cause of action. The
defendant demurs, assigning as a ground of demurrer, that sev-
eral causes of action have been improperly united, and insists
that if the causes of action have been properly united, they are
not *separately stated,* and the complaint is demurrable for that
reason.

In reference to the first objection there is little difficulty.
Section 167 of the Code allows a plaintiff to unite several causes
of action, whether they be such as have been heretofore denom-
inated legal or equitable, or both, where they shall arise out of
the same transaction, or transactions connected with the same
subject of action, but requires them to be separately stated.
Although the tort might be waived, and the value of the chat-
tels claimed as an indebtedness upon an implied contract to pay

for them (Hinds *a.* Tweddle, 7 *How. Pr. R.*, 278), and thus that branch of the case be brought within the class to which the other branch relates, yet the causes of action would still require to be separately stated. In this case, however, I think the causes of action, without reference to the manner of stating them, and without reference to the necessity of expressing an election in terms between the tort for the destruction of the plates, and the implied assumpsit for their value, must be regarded as arising out of the same transaction, and as such properly unitable in one action.

The difficulty, however, is occasioned by the objection that the causes of action are not *separately stated.* This is said to be the subject of demurrer in Durkee *v.* The Saratoga & Washington Railroad Company (4 *How. Pr. R.*, 226), per Willard, J.; and the doctrine is recognized by him again in Pike *v.* Van Nomer (5 *Ib.*, 172); also in Getty *v.* The Hudson River Railroad Company (8 *Ib.*, 177), per Harris, J.; and is recognized by him in Strauss *v.* Parker (9 *Ib.*, 342), and restated in Van Namee *v.* Peoble (9 *Ib.*, 198). The doctrine is also recognized in Moore *v.* Smith (10 *Ib.*, 361), per Dean, J.; but there was not acted upon, because the demurrer did not *assign specifically* as a ground of demurrer that the causes of action were not *separately stated.* Opposed to these cases are Peckham *v.* Smith (9 *How. Pr. R.*, 436), decided by Bacon, J.; Robinson *v.* Judd (*Ib.*, 378), Marvin, J.; and Goading *v.* McAllister (*Ib.*, 123), Welles, J.; these cases deciding that the demurrer, provided by the fifth subdivision of section 144 of the Code, has reference to the character or classes of actions, and not to the manner of stating them; and that advantage can only be taken of the defect, by motion to make the complaint more definite and certain. The Supreme Court seems thus to be equally divided on the question, three judges being arrayed on either side; and cannot be disposed of by weight of authority.

Under the old system a demurrer could be interposed for insufficiency of *form* or *substance,* and if the imperfection in form was expressed in the demurrer, and demonstrated, the demurrer prevailed (*Gra. Pr.,* 604; 2 *Rev. Stats.,* 352, § 4), although the declaration contained enough in substance to entitle the plaintiff to judgment. Unless that practice be sustained under the Code, the omission to state causes of action separately can-

not be the subject of demurrer, because it affects the form only of the pleading.

I am aware that Rule 86 of the Supreme Court requires in all cases of more than one distinct cause of action, defence, counter-claim, or reply, that the same shall not only be separately stated, but plainly numbered; but the consequences of the omission are not provided for by the rule itself.

By section 176 of the Code, the court are required at every stage of an action to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and the application of that section would seem to impose upon courts the duty to disregard a mere matter of form.

By section 140 all forms of pleadings previously existing are abolished, and thereafter the forms of pleadings in courts of record, and the rules by which the *sufficiency* of the pleadings are to be determined, are those prescribed by the Code. The sufficiency of the pleading under consideration is not questioned, but *the form or manner of stating it* is, and section 144 does not in any of its subdivisions provide against defects of form by demurrer. The fifth subdivision authorizes a demurrer where several causes of action have been improperly united; and unless that means improperly united by being improperly stated, it has no application to cases where the union of causes of action is correct, but the manner of stating them improper.

It is true that under section 160, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, the court may require the pleading to be made definite and certain by amendment; but I submit that it might be regarded as an unnecessary exercise of power under this section, to order an amendment by separately stating merely what was *not* indefinite or uncertain.

Thus there arises a difficulty, in applying the rule established by either of the class of cases which I have cited, and I feel called upon to regard the rule of the Supreme Court as the paramount consideration in this and kindred cases. That rule requires, as we have seen, the causes of action to be separately stated and numbered, and the omission to comply with it must be regarded as conferring upon the adverse party the right by

motion to secure a statement of the causes of action separately, with costs of the motion.

Whatever doubt may exist about the propriety of a demurrer for the omission referred to, there can be no doubt that the rule mentioned requires a separate statement of distinct causes of action, and that the practical operation of the rule will be to facilitate the trial of issues. There can be no doubt either that the rules of the court should be enforced in all cases, and a departure from them punished, unless some forcible reason be shown to the contrary. For the reasons assigned, I think the omission to state several causes of action separately cannot be the subject of demurrer, and that the plaintiff is entitled to judgment.

Order accordingly, with leave to the defendant to withdraw the demurrer, and to answer in twenty days, on payment of costs of the issue of law.