## SUPREME COURT.

LESTER L. ROBINSON and others agt. EDWARD P. FLINT
and others.

Where the complaint shows by its allegations, a false representation—known by
the party making it to be false—made as the foundation of a contract with a
person deceived thereby, and damages in consequence of such deception, it
states a sufficient cause of action for a false representation.

Under section 167 of the Code, a cause of action in *tort* and a cause of action on
*contract*, or for a breach of contract, may be united in one action, where these
causes of action arise out of the same transaction.

And by transaction, it is understood the whole proceedings commencing with
the negotiation, and ending with the performance of the contract, where the
matter in controversy arises out of a contract.

Thus, in an action on a contract for the delivery of a certain quantity and qual-
ity of iron, which the defendants represented they had on hand, and were
ready to carry out the contract in reference thereto, and the plaintiffs alleged
that the defendants, intending to defraud the plaintiffs, made such representa-
tions knowing them to be untrue, that the defendants delivered iron of an infe-
rior quality, and the plaintiffs were damaged thereby; and secondly, alleged
that the defendants by the same contract agreed to send the iron to San Fran-
cisco, but neglected to do so, but delivered iron of an inferior quality, of much
less value, and that the plaintiffs sustained damage thereby; it was held on de-
murrer, that these two causes of action were not improperly united.

*New - York Special Term, March,* 1858.

THE complaint is demurred to for two causes. First, that
it does not set out a good cause of action, and second, that two
different causes of action are improperly united.

FOSTER & THOMPSON, *for defendants.*
W. HUDSON, *for plaintiffs.*

INGRAHAM, Justice. The complaint avers sundry contracts
made by different persons for furnishing iron to the Sacra-
mento Valley Railroad Company, by which a certain quality
of iron was to be furnished at a certain price. The plaintiffs
afterwards assumed the contract from the company, provided

it could be carried out as originally contemplated. They then applied to the defendants to ascertain if the iron originally purchased by the company was still on hand in Boston, and whether the defendants would carry out the contract as originally contemplated. It then avers that the defendants, intending to defraud the plaintiffs, represented to them that the iron was still on hand, kept for the company, and that they were in a condition to carry out the contract, when such representations were known to the defendants to be untrue; that in consequence of such false representations they made a contract with the defendants to deliver the said iron; that the defendants delivered other iron of an inferior quality, and that the plaintiffs were damaged thereby.

These facts show a cause of action for a fraudulent representation. What the damages may be, or whether the plaintiffs claim in their complaint damages such as can be recovered in the action, is not a question to arise on demurrer. The demurrer admits all the facts, and the only question is whether a good cause of action is made out by them. Of this there can be no doubt. The complaint shows a false representation, known to be false, made on the foundation of a contract with a person deceived thereby, and damages in consequence of such deception. I know no other requisite to make out a sufficient cause of action for a false representation.

The second cause of demurrer is the improper joinder of actions. In addition to the first cause for the tort, the complaint contains a second cause of action, founded on the same contract, which, after referring to the contract, and averring that the defendants by it agreed to send the iron to San Francisco, states that they did not send the iron before mentioned, but delivered iron of inferior quality of much less value, and that they sustained great damage thereby.

It is contended that this claim arises on the contract, and that the other being in tort, the two causes are improperly joined together.

It must be conceded that causes of action arising out of different transactions must be of one of the classes enumerated

in section 167, and that one cause for contract and one for tort cannot under such circumstances be united. The latter cause of action is evidently intended to be a claim on contract for not delivering the iron as agreed to by the defendants. It avers no fraud or false representation upon which a tort could be charged, and without that it cannot be said to belong to the same class as a cause of action with the first, unless it can be brought within the provisions of the first subdivision, viz : " Where the several causes of action all arise out of the same transaction, or transactions connected with the same subject of action."

It has been held that causes of action, although arising out of the same transaction, cannot be joined if they are inconsis tent with each other. (*Smith* agt. *Hallock*, 8 *How.* 73 ; *Sweet* agt. *Ingram*, 12 *How.* 331.)

But I have not been referred to any case where the court have held that two causes of action arising out of the same transaction, and upon both of which a recovery may be had, may not be united even if they differ in their nature, and could not therefore be united if they arose out of different transactions.

The 167th section of the Code provides that the plaintiff may unite several causes of action, whether they be such as were denominated *legal, or equitable, or both, where they all arise out of the same transaction, or transactions connected with the same subject of action.*

The plain reading of this section is, that the plaintiff may unite, first, as many legal causes of action as he pleases, arising out of the same transaction. Second, as many equitable causes of action as he pleases, arising out of the same transaction. Third, as many legal and equitable causes of action as he pleases, arising out of the same transaction. Fourth, as many causes of action as he pleases, arising out of different transactions connected with the *subject of the action.*

In *Smith* agt. *Hallock*, (8 *How.* 73,) Justice STRONG says that this section refers to cases which are consistent with each other—not to those which are contradictory.

Robinson agt. Flint.

In *Dorman* agt. *Kellam*, (4 *Abbott*, 202,) the court held such causes to be improperly united, but those causes did not arise out of the same transaction.

In *Badger* agt. *Benedict*, (4 *Abbott*, 176,) the point was distinctly held that such causes might be united, viz: one in tort and one in contract, both of which arose out of the same transaction.

By transaction I understand the whole proceedings, commencing with the negotiation and ending with the performance of the contract, where the matter in controversy arises out of a contract, and I see no difficulty in carrying out under the present system of pleading, what is the fair meaning of the words used in the 167th section. The answer is only to be a statement of facts showing that upon each count the plaintiff has no right to recover. The judgment, if on both claims, would only be for so much money, and there is no difficulty now in entering up judgment as formerly, even if the causes are in tort and contract. The only point upon which there would be doubt as to the proper proceeding, might be as to the execution. In one case (tort) it might be against the person, in the other against the property. The answer to this is, if the plaintiff thus unites claims, he loses his right to proceed against the body, and must be content with the other execution.

My conclusion is that the demurrer is not well taken, and that plaintiffs must have judgment.

Judgment for plaintiffs on demurrer, with leave to defendants to answer on payment of costs.