Adams *v.* Bissell.

[NEW YORK GENERAL TERM, September 20, 1858. *Davies, Hogeboom* and *Sutherland,* Justices.]

---

ADAMS and others *vs.* BISSELL & NOBLE.

Consignees of goods and holders of the bill of lading, who have made advances upon it, have an interest or property in the goods, which will entitle them to bring an action against the carrier, for the loss, waste or wrongful conversion thereof.

Such a cause of action may be joined with a claim to recover back a sum overpaid by the plaintiffs to the defendants, on account of the freight of the goods.

Adams *v.* Bissell.

APPEAL by the defendants, from an order made at a special term.

*Edwards & Man,* for the plaintiffs.

*William Fullerton,* for the defendants.

*By the Court,* SUTHERLAND, J. This is an appeal from an order made at special term, overruling the defendants' demurrer to the plaintiffs' complaint.

The complaint purports to state two causes of action separately. After alleging that the defendants, in November, 1855, were copartners, doing business as common carriers on the Erie canal and Hudson river, under the firm name of John Bissell & Co., the complaint substantially alleges as the first cause of action, that the defendants received from one F. W. Patterson, at Buffalo, three thousand bushels of wheat, to be conveyed by them to the city of New York, for account of one H. B. Smith, to the care of the plaintiffs, under the firm name of Adams & Buckinghams, and that the defendants on receiving the wheat, made and delivered a bill of lading therefor to Patterson, whereby they certified and acknowledged that they had received that quantity of wheat to be delivered in the city of New York, for account of the said H. B. Smith, to the care of the plaintiffs; that the plaintiffs were commission merchants doing business in the city of New York, and that the wheat was consigned to them for sale; that about the first day of December, 1855, the plaintiffs as such consignees were the owners and holders of the bill of lading, and at or about that time made large advances on the wheat; that the canal boat upon which the wheat was shipped arrived in the city of New York on or about the 20th of May, 1856, and so much of the wheat as she then had on board was discharged; that the wheat proved to be deficient in quantity to the extent of over three hundred and forty bushels, and that the plaintiffs are informed and believe that the defendants,

their agents or servants, *lost*, wasted or wrongfully converted to their own use the three hundred and forty bushels and over of the wheat; that the defendants have never paid or accounted for the 340 bushels of wheat, although often requested so to do; that at the time of the loss, wasting or conversion of the wheat, the plaintiffs were the owners of the same and entitled to the possession of the same, and have ever since been entitled to the value of the same, and that the value was $680.

The complaint alleges as the second cause of action, that when the canal boat arrived at New York, the plaintiffs, not knowing the extent of the deficiency in quantity of the wheat, paid the freight and charges upon the whole 3000 bushels, to the defendants, thereby overpaying them to the amount of $170.

The plaintiffs claim to recover the value of the 340 bushels of wheat, and damages for the conversion of the same, and the amount of the over-payment on account of freight, with interest on the same.

The defendants formally state three causes of demurrer to this complaint; but they appear to amount only to these two: *First*, that the facts stated as constituting the first supposed cause of action, do not constitute one; *Second*, that a cause of action for a tort is improperly joined with a cause of action arising on contract.

The demurrer appears to concede that sufficient facts are stated to constitute the second cause of action. The demurrer, on the ground of insufficiency, appears to be taken only to the first cause of action.

It is probable the plaintiffs could not have maintained an action on the bill of lading as a contract, for the non-delivery of the 340 bushels of wheat; for the contract was not made with them; and the mere possession of the bill of lading as consignees, would not have enabled them to bring an action on it as assignees. And this is not the theory of the plaintiffs' complaint. The shipment of the wheat, the execution and delivery of the bill of lading, and the advance made by the

plaintiffs on it as consignees, are alleged, to show that the plaintiffs were the owners of the 340 bushels of wheat when it was lost, wasted or wrongfully converted to their own use by the defendants.   The first cause of action is for a tort, a wrongful conversion, and the facts as to the shipment of the wheat to the plaintiffs, their possession of the bill of lading, and their advance on it are alleged to show that the plaintiffs had such a vested interest in the wheat at the time of the wrongful conversion, that as owners they were entitled to bring the action for the wrongful conversion, and recover the value of the 340 bushels of wheat, with damages, &c.

The charge of the wrongful act, the loss, waste, &c., is certainly very indefinitely made, but that is not reached by the defendants' demurrer.   It would have been better for the plaintiffs to have stated the amount advanced by them as consignees ; but indefinite as the complaint is in this and in some other respects, I think the facts alleged are sufficient to show that the plaintiffs as consignees and holders of the bill of lading, who had made large advances on it, had an interest or property in the wheat at the time of its loss, waste or wrongful conversion, that gave them a right to bring the action. The authorities appear to be quite clear and conclusive. (*Smith* v. *James,* 7 *Cowen,* 328.   *Holbrook and others* v. *Wright,* 24 *Wend.* 168.)

When there is an agreement between the consignor and consignee that the consignee shall make advances on the credit of the goods consigned, and dispose of them on commission for his reimbursement, the consignee acquires a vested interest in the goods.   It would appear that such an agreement might be inferred, between the consignor and consignee, from the facts stated in the complaint in this case.   (*Grosvenor* v. *Philips,* 2 *Hill,* 147.)   I think, therefore, the first ground of demurrer—that of insufficiency—was not well taken.

The second ground of demurrer—that there is a misjoinder of actions—presents more difficulties.   It must be admitted that the first cause of action is for a tort, and that the second

on an implied assumpsit, to pay back money paid by the plaintiffs, under a mistake of facts. But the counsel for the plaintiffs insists that both causes of action arise out of the same subject of action, namely, the transportation of the wheat from Buffalo to New York, or arise out of transactions connected with that subject of the actions, and are therefore joined under the 1st subdivision of § 167 of the code.

Cases throw but little light on the unmeaning generality of the 1st subdivision of this section of the code, which is that the plaintiff may unite several causes of action legal or equitable, or both, where they all arise out of "the same transaction, or transactions connected with the same subject of the action." Now I do not think the transportation of the wheat to New York, is the subject of the plaintiffs' action. The plaintiffs have two causes of action; the subject of the first would appear to be the loss, waste or wrongful conversion of the 340 bushels of wheat by the defendants, their wrongful neglect or act by which the plaintiffs lost their property; the subject of the second cause of action would appear to be the $170 of the plaintiffs' money which the plaintiffs overpaid the defendants on account of freight, and which the defendants ought to have paid back to the plaintiffs. But have both these causes of action or subjects of action, arisen out of the same transaction; or are they both connected with the same transaction, within the meaning of this provision of the code? I do not want to nullify the code, and I have no right to nullify it; and this provision has, or was intended to have some meaning. Why then should I not say that the transaction in this case, out of which has arisen the plaintiffs' two causes of action and subjects of action, commenced with the shipment of the wheat at Buffalo, and has not ended yet, even by the commencement of this action; the plaintiffs' two causes of action being links of the chain of facts constituting the transaction, and thus arising out of or connected with the same transaction. By the "subject of action," in this section of the code, must be intended not the subjects of the different

courts or of the several causes of action, but of the action as a unit. To say that by the *"subject of action"* is meant the several causes of action, nullifies this provision of the code. To give force and effect to it, it appears to me you must say that it means that the plaintiff can unite several causes of action against the same party, arising out of the same transaction, and nothing more; and you must treat the concluding words, *" or transactions connected with the subject of the action,"* as useless or unmeaning surplusage.

Upon the whole I have come to the conclusion that the plaintiffs had a right to unite the two causes of action in this complaint; but I have done so knowing that no reasoning on this point can have much logical precision or lead to a satisfactory result.

The judgment of the special term, overruling the demurrer, should be affirmed with costs.

