Brady, J.
—This action was commenced by the plaintiffs, as stockholders of the Northern Light Oil Company, under sections 1785 and 1786 of the Code of Civil Procedure, to dissolve the corporation, for the appointment of a receiver of its assets, and for an injunction restraining the corporation and its officers and agents from exercising any of its corporate rights and franchises. The dissolution is asked upon the ground that it is and has been for more than a year before the commencement of the action, insolvent; that it had neglected for at least a year prior to that time to pay and discharge its indebtedness, and had suspended its ordinary and legal business for at least a year also.
In the original complaint the defendant Charles W. Burton was sued individually as well as the president of the company, although no relief was demanded against him in his individual capacity.
The original complaint was demurred to on several grounds, viz :
First. That the complaint does not state facts sufficient to constitute a cause of action.
Second. That the first cause of action mentioned in the complaint does not state facts sufficient to constitute a cause of action.
Third. That the second cause of action mentioned in the complaint does not state facts sufficient to constitute a cause of action.
*120 Fourth. That the court has not jurisdiction of the subject of the action, inasmuch as it does not appear upon the face of the complaint that leave to sue has been granted.
Fifth. That the plaintiffs have not legal capacity , to sue, inasmuch as it does not appear upon the face of the complaint that they have obtained leave to sue.
Sixth. That causes of action have been improperly joined.
Whereupon the complaint, as permitted by the Code, was amended, and the word “individually” stricken out; so that it remained as an action against Mr. Burton, as president of the company only.* A demurrer similar to that which was previously interposed was served to the amended complaint. Both demurrers appear to have been brought on for argument and both overruled.
The demurrers were properly overruled, because the averments contained in the latter named pleadings were sufficient to put the defendants to an answer.
A corporation, like an individual, is insolvent when it is not able to pay its debts (Brouwer v. Harbeck, 9 N. Y. 589, 594; Ferry v. Bk. of Cent. N. Y., 15 How. Pr. 445).
It was alleged that the corporation is indebted in large sums of money to various persons and has no means whatever of liquidating its outstanding indebtedness, nor has it had the means for' much more than a year last past. The demurrer admits this, and this establishes its inability to pay (Mickles v. Rochester City Bank, 11 Paige, 118, 128; Medbury v. Rochester Frear Stone Co., 19 Hun, 498).
*121 The complaint further alleges that its debts have remained unsatisfied for many years, and will continue so ¡to remain, as no means are at the command of the corporation to enable it ever to discharge its obligations ; and further, that the corporation have become and is insolvent and unable to pay its debts, and has remained insolvent for at least one year last past; and this is also admitted by the demurrer.
The property of the corporation seems from the complaint to have consisted of oil lands, and notwithstanding that it was to a certain extent developed, but little, if any, oil for many years had been taken from its wells and mines, and the supply of oil had gradually diminished until the operation of them had ceased; and further, that the principal resources of the corporation were their product, namely, oil so taken from it, and that, by reason of the failure of the wells. and mines to further yield oil, and by reason of the failure to operate them, the said corporation.became and is crippled in its means of supply, rendering it wholly impossible to continue the existence of the same without loss and damage.
All these allegations were admitted by the demurrer, and there is little doubt that they bring it within the section of the statute already referred to, namely, section 1785 of the Code of Civil Procedure.
The case of Denike v. N. Y. & Rosendale, &c. Co, (80 N. Y. 599), was an action brought prior to the enactment of the section mentioned, and it is therefore not an authority in favor of the defendants. There is nothing in the case of Bliven v. Peru Steel and Iron Co. (9 Abb. N. C. 205), to conflict with the views herein expressed. The circumstances developed in that cause are entirely different from those which characterize the case in hand.
It sufficiently appears also in the complaint that leave to prosecute this action was obtained. Section *122 1786 of the Code of Civil Procedure provides that an. action may be maintained by a creditor or a stockholder under certain circumstances, and the allegations of the .eighteenth paragraph of the amended complaint show that the provisions of that section have been complied with. They show an application to the attorney-general requesting him to commence an action on behalf of the people to dissolve the corporation ; that more than sixty days have elapsed since the submission was made to him, and that he had omitted, for sixty days after the written statement of facts verified on oath was submitted, to commence an action; and further, that upon such refusal of the attorney-general to proceed, the plaintiffs applied to the supreme court, at a special term, for leave to bring this action, which was duly granted.
The first cause of action, therefore, as set forth in the amended complaint, is sufficiently established by the averments contained in the complaint in that regard.
Where two causes of action are set up in the complaint, and a general demurrer is interposed to them, if either cause of action is sustained, the demurrer must be overruled (Hale v. Omaha Natl. Bank, 49 N. Y. 626.
This renders it unnecessary to consider whether the second cause of action is well stated or not, and it becomes our duty to affirm the judgment of the court below, with leave to the defendants to answer on the payment of costs.

 From the briefs of counsel, the point does not seem to have been raised as to the right thus, in effect, to amend the summons, by striking out a party named in the title thereof.