FARMERS' & MECHANICS' NAT. BANK OF BUFFALO *v.* ROGERS.

(*Superior Court of Buffalo, General Term.*   June 29, 1888.)

1. MORTGAGES—FORECLOSURE—PLEADING—AVERRING POWER OF SALE.
   A complaint which alleges that defendant deposited with plaintiff a certificate of stock to secure his note, with the agreement that, if the note was not paid when due, plaintiff could sell the stock at public or private sale, that the note is past due and unpaid, shows a sufficient cause of action, though it does not allege the value of the stock, and notwithstanding the power of sale.

2. ACTION—JOINDER OF LEGAL WITH EQUITABLE CAUSE—CODE CIVIL PROC. N. Y. § 484.
   A complaint seeking a judgment on a note, and the foreclosure of a lien on certain stocks which had been pledged to secure payment of the note, is not demurrable because it unites two forms of actions, one legal and the other equitable, since the distinction between forms of action is abolished by Code Civil Proc. N. Y. § 484.

3. BANKS AND BANKING—NATIONAL BANKS—PLEADING—AVERMENT OF INCORPORATION.
   A complaint in an action by a national bank, which states that it is duly organized under the national banking act, but does not state directly where it is located and doing business, or whether a domestic or foreign corporation, is still sufficient on demurrer, where it is described as a national bank of a city in the state, and that it has done business in that city for more than 10 years, under Code Civil Proc. N. Y. § 1775, providing that, in suits by or against corporations, the complaint must state whether it is a domestic or foreign corporation, and, if the latter, in what state or country it was organized.

On demurrer.

*Lewis & Moot*, for plaintiff.   *L. F. & G. W. Bowen*, for defendant.

TITUS, J. The defendant sets up, as grounds of demurrer to the complaint, that it does not state facts sufficient to constitute a cause of action; that it does not allege whether the plaintiff is a domestic or foreign corporation, as required by section 1775 of the Code, and that two inconsistent causes of action are improperly joined. The complaint contains a general allegation that the plaintiff is a corporation organized under the national banking act of the United States; that the defendant made his promissory note for $5,000, payable to the plaintiff at said bank, for value received, with interest. Following the note, and on the same paper on which it is written, is an agreement which recites that the defendant, "having deposited with the bank as collateral security certificate No. 256 for 100 shares of the capital stock of the New York Steam Company, giving the plaintiff full power, in case of default in the payment of the note at maturity, to sell the stock at private or public sale, and apply the proceeds to the payment of the note." The complaint further alleges that the note was not paid at maturity, and that the stock has not been sold, or the lien foreclosed, and demands judgment for $5,000, and

that the lien upon the stock be foreclosed, and that the plaintiff have such other relief as may be proper.

The complaint alleges a good cause of action, and the court could grant such relief on the trial as the evidence would warrant. There is no ambiguity in the language used, or uncertainty as to what the cause of action is. The substance of the allegations is the making of the note by the defendant, and turning out stock to the plaintiff as collateral security for its payment, and the non-payment of the note when it became due, with a prayer for relief that the stock be sold, and the proceeds applied in payment of the judgment establishing the amount due on the note. From the fact that the plaintiff had the right, under the agreement, to sell the stock without action, it does not follow that he cannot come into court, and ask its direction in the matter. This is the more usual, and, it seems to me, the proper, practice in cases of this kind, and it does not seem necessary to cite authorities in support of it.

It is claimed that two causes of action, one legal and the other equitable, have been improperly joined; one being an action at law on the note, and the other for the foreclosure of a lien, and for specific relief. The distinction between legal and equitable actions was long ago abolished, and the plaintiff may now, under the Code, unite in the same complaint two or more causes of action, whether or not they are such as were formerly denominated legal or equitable, or both. Section 484, Code. Although calling for a different manner of trial, they may still be joined in the same complaint. *Lattin* v. *McCarty*, 41 N. Y. 107; *Sternberger* v. *McGovern*, 56 N. Y. 12. The cases cited by the defendant in his brief are, where one cause of action arose on contract, and the other in which the gist of the action is the wrongful act of the defendant, and are not authority on the questions raised here. The fact that the complaint fixes no value to the stock is not material. The gist of the action is the promissory note of $5,000; and whether the stock held by the plaintiff as collateral security for the payment of the note is adequate for that purpose cannot affect the plaintiff's right to have the amount of the note determined by the judgment of the court, and the proceeds of the stock applied in the payment thereof. The plaintiff might properly have been more specific in the statement of its cause of action, but the fact that it has not furnishes no ground of demurrer so long as a cause of action is stated. A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all of the facts alleged, it presents no cause of action whatever; and it is not a ground of demurrer that the facts are imperfectly or informally alleged. *Marie* v. *Garrison*, 83 N. Y. 14. In the particular referred to by the defendant as a ground of demurrer but one cause of action is alleged, and therefore, in that particular, the complaint is clearly sufficient.

The other question presented, that the complaint does not state whether the plaintiff is a domestic or a foreign corporation, is more serious. Section 1775 provides that, in an action brought by or against a corporation, "the complaint must aver that the plaintiff or defendant, as the case may be, is a corporation; must state whether it is a domestic or foreign corporation; and, if the latter, the state, country, or government by or under whose laws it was created." The complaint does state that it is a corporation duly organized under the national banking act of the United States, but it does not in so many words state where the bank is located and doing business, nor that it is either a domestic or foreign corporation. Section 3343 of the Code defines what is a domestic and what a foreign corporation. A domestic corporation is declared to be a corporation created by or under the laws of the state, or located in the state, and created by or under the laws of the United States. If the complaint can be construed as alleging that the plaintiff is located at the city of Buffalo, then I do not think it would be necessary to characterize it as domestic or foreign, as does section 3343 of the Code; but the court may say,

after the facts mentioned by the statute are alleged, that it is either a domestic or foreign corporation. This portion of the section is not found in the former Code, nor in the Revised Statutes, and the courts have had but little occasion to pass upon it. I am not aware that the court of appeals has passed on the point here considered. Such decisions as have been rendered are not entirely harmonious, but the weight of authority seems to be that it is necessary to comply with the requirements of the Code, and allege whether the corporation is one classed as domestic or foreign. In *Hafner* v. *Gumme*, 10 Civ. Proc. R. 176, the question was considered by the special term in this department, and Justice BRADLEY held that where the complaint alleged that the plaintiff was a duly-organized corporation, but omitted to state whether it was a domestic or foreign corporation, it was not a ground of demurrer; that the complaint stated a complete cause of action, which was not dependent on the fact whether the corporation was domestic or foreign; and overruled the demurrer. In *Bank* v. *Doying*, 13 Daly, 509, the general term of the court of common pleas held that where the complaint alleged that the plaintiff was a "national banking association incorporated and doing business under and by virtue of an act entitled ' An act to provide a national currency,' but contained no allegation as to whether it was a domestic or foreign corporation, or where located," the omission was a fatal defect, and was properly raised on demurrer. *Lee* v. *La Campaigne Universelle*, 2 N. Y. St. Rep. 612, was an appeal from an order denying a motion to vacate an attachment. The general term of the First department held that the complaint must comply with section 1775 of the Code, and allege the character of the corporation. In *Baker* v. *Printing Co.*, Judge DALY, at special term of the common pleas, held that it was a necessary allegation in the complaint, and sustained the demurrer. 3 Law Bull. 29. In *Clegg* v. *Cramer*, 3 How. (N. S.) 128, the special term of the supreme court held that, although the complaint contained the allegation that the defendant corporation was a foreign corporation, yet, as it did not state under the laws of what state it was created, as required by section 1775 of the Code, it was bad on demurrer. These later cases seem to contain no expressions of doubt on the question, and they must be regarded as the more authoritative statement of the requirements under this section of the Code, and that the complaint must contain an averment either express, or such a statement of facts as that the court can determine whether the law has been complied with in this respect. The allegation in the complaint in effect is that the plaintiff corporation was organized under the laws of the United States. If it had in terms stated that it was located at Buffalo, N. Y., no question could be raised, and the requirement of the statute would be satisfied. It does aver, however, that the plaintiff has done business in Buffalo, N. Y., upwards of 10 years. The name of the plaintiff is "Farmers' & Mechanics' National Bank of Buffalo," which is recited in the complaint; and, to a certain extent, indicates its location; and this, taken with the fact that it has been doing business in Buffalo upwards of 10 years, is sufficient, it seems to me, to fix the location at Buffalo, N. Y., and to warrant the court in holding that the complaint does in substance comply with section 1775 of the Code in that respect. The demurrer must therefore be overruled, with leave to the defendant to answer.

All concur. '