NATIONAL TEMPERANCE SOCIETY & PUBLICATION HOUSE *v.* ANDERSON.

(*Superior Court of Buffalo, General Term.* June 29, 1888.)

1. CORPORATIONS—ACTIONS BY—PLEADING—CORPORATE EXISTENCE.

A complaint, in an action by a corporation, which does not allege whether the plaintiff is a domestic or foreign corporation, or the state or country by or under whose laws it was created, as required by Code, § 1775, or any facts from which the court can determine to which class of corporations it belongs, is bad on demurrer.

2. PLEADING—COMPLAINT—MONEY HAD AND RECEIVED.

A complaint alleging that defendant received a certain sum of money on deposit, subject to plaintiff's order by check or draft; that plaintiff's draft therefor was returned unpaid after due demand; that afterwards the draft was forwarded, and made payable to one C., who presented the same for payment, whereupon defendant agreed to pay it provided certain persons would make affidavit as to the special deposit, which affidavits were made as requested, but defendant neglected and refused to pay the draft; and that said sum still remains due plaintiff for money so received,—is good on general demurrer, as the action is not on the draft, but on a claim that money was deposited with defendant subject to plaintiff's order, and that defendant has neglected to pay the same after demand.

On demurrer.

The complaint in this case alleged, after the introductory averments, as follows: "*Third,* the plaintiff alleges, upon information and belief, that the defendant received the sum of sixty-six dollars and sixty cents on or about March 25, 1886, on deposit, which was deposited by this plaintiff's agents subject to plaintiff's order by check or draft at any time, and that the defendant, Albert Anderson, accepted said money in trust to be drawn upon. That in pursuance of such understanding and agreement, and being advised of such deposit, this plaintiff caused a draft (the following being a copy) to be executed and forwarded to defendant for demand and collection: '$66.60. NEW YORK, March 25, 1886. Ten days after sight, pay to the order of the Nassau Bank sixty-six 60-100 dollars, value received, and charge the same to the account of National Temperance Society & Publication House. J. N. STEARNS, Pub. Agt., per S. KENY, Att'y. *To A. Anderson, Prest. 16th Amendment Publishing Company, Coal and Iron Exchange, Washington St., Buffalo, N. Y.*' That the said draft was returned unpaid after due demand for payment. That afterwards said draft was forwarded, and made payable to the order of W. H. Clark, of Buffalo, N. Y., who presented the same to said Anderson for payment at his place of business in said city; whereupon said Anderson agreed to pay the said draft, provided a Mr. W. H. H. Bartram and one Mary E. Tryon, of said city, would make an affidavit detailing the facts in reference to the special deposit of said sum of money to be drawn upon by this plaintiff as aforesaid. That then (as this plaintiff is advised and believes, and so charges the facts) the said affidavits were made as requested by said defendant, and he was thereupon called upon to pay said draft by the payee, Mr. W. H. Clark, but the said defendant has neglected to do so, and there remains due and unpaid, for money so had and received as aforesaid, from the defendant to the plaintiff, the sum of sixty-six dollars and sixty cents, with interest since April 4, 1886. Wherefore, and because of the foregoing, the plaintiff, the National Temperance Society & Publication House, demands judgment against the defendant, Albert Anderson, for the sum of sixty-six dollars and sixty cents, with interest since April 4, 1886." To which portion of the complaint the defendant interposed a general demurrer.

*William H. Clark,* for plaintiff.  *S. Lockwood,* for defendant.

TITUS, J.  The complaint does not allege whether the plaintiff is a domestic or foreign corporation, or the state, country, or government by or under whose laws it was created, as required by section 1775 of the Code, or any facts from which the court can determine to which class of corporations the plaintiff be-

longs. In *Bank* v. *Rogers*, 1 N. Y. Supp. 757, (decided at this term of court,) it was held that the complaint must allege whether the plaintiff was a domestic or foreign corporation, unless the court can determine from the facts stated to which class of corporations it belongs. In this case no facts are stated which afford the court any means of determining. It is not alleged under the laws of what state or country the plaintiff is created. In the particulars referred to the complaint is defective, and the objection can be taken by demurrer. The other ground of demurrer we do not think is well taken. The action is not on the draft, but on a claim that money was deposited with the defendant subject to the plaintiff's order, and that the defendant has neglected to pay over the same after it has been demanded of him. For the reason first above stated the demurrer must be sustained, and judgment ordered for the defendant, with leave to the plaintiff to serve an amended complaint.

All concur.