## COLUMBIA BANK *v.* JACKSON.

*(City Court of New York, General Term.* March 27, 1889.)

1. CORPORATIONS—ACTIONS BY—PLEADING CORPORATE EXISTENCE.

A complaint alleging that "the plaintiff is, and at the times hereinafter stated was, a banking association created by and organized under the laws of the state of New York, with its banking house located, and principally transacting business, at the city of New York," sufficiently shows that plaintiff is a domestic corporation, and therefore complies with Code Civil Proc. N. Y. § 1775, requiring a complaint by a corporation to state whether it is a domestic or foreign corporation, etc.

2. SAME—BANKING ASSOCIATIONS—SUITS IN NAME OF PRESIDENT.

The words "may be brought," etc., in 2 Rev. St. N. Y. (7th Ed.) p. 1405, § 21, providing that "all suits, actions, or proceedings brought or prosecuted by or on behalf of" banking associations "may be brought or prosecuted in the name of the president," are permissive merely, and do not prevent the association from suing in its corporate name.

Appeal from special term.

Argued before McADAM, C. J., and NEHRBAS, J.

*C. M. Hall,* for appellant.　*J. H. Hildreth,* for respondent.

PER CURIAM. The demurrer was taken to the capacity of the plaintiff to sue, in this: that it does not appear whether the plaintiff is a domestic or foreign corporation, or a firm or copartnership. Section 1775 of the Code requires that the complaint by a corporation must state whether it is "a domestic or foreign corporation, and, if the latter, the state, country, or government by or under whose laws it was created;" but the complaint is not open to demurrer under this provision. The complaint alleges that "the plaintiff is, and at the time hereinafter stated was, a banking association created by and organized under the laws of the state of New York, with its banking house located, and principally transacting business, at the city of New York." This affirmatively shows that the defendant is a "domestic" corporation, for, having been incorporated under the laws of the state of New York, it could be nothing else. Code, § 3343, subd. 18. It would have given no force or significance whatever to have added to what was already said the words that it was a "domestic" corporation, for it could be nothing else, as it owed its existence to our own state statute.

Whether the action was properly brought in the corporate name, or should have been brought in the name of its president, is the next question to be considered. A corporation being an artificial person, and for some purposes regarded as a person, has a legal entity, and may, as a rule, sue in its own name; but even this is a matter under legislative control. The power that creates may impose conditions upon the thing created, and may prescribe how it may sue and be sued. The statute in regard to banking associations (2 Rev. St. 7th Ed. p. 1405, § 21) provides that "all suits, actions, or proceedings brought or prosecuted by or on behalf of said association, may be brought or prosecuted in the name of the president," etc. Corporations created by and under the authority of statute law for specific purposes, are confined strictly to the powers so conferred upon them, and can only act in the prescribed manner. For this reason there is plausibility in the argument that the word "may," in section 21 of the statute before referred to, is equivalent to "must," and that the action can only be prosecuted in the name of the "president" of the association; but all doubt upon the subject is put at rest by the decision of the court of appeals, holding that the word "may," as used in the statute, is permissive only, and that the association may sue in its corporate name, as well as in the name of its president. *Bank* v. *Willard,* 25 N. Y. 574. See, also, 2 Rev. St. (7th Ed.) p. 1530, § 1.

For these reasons we hold that the plaintiff had legal capacity to sue in its corporate name; that it is a domestic corporation; that the demurrer to the complaint was properly overruled; and that the judgment directed thereon in favor of the plaintiff must be affirmed, with costs.