OESTERREICHER *v.* SPORTING TIMES PUB. CO.

(*City Court of New York, Special Term.* April, 1889.)

CORPORATIONS—ACTIONS—PLEADING—CORPORATE EXISTENCE.

Failure to allege in a complaint that a party is a corporation, as required by Code Civil Proc. N. Y. § 1775, is ground for demurrer.

Action by Ignatz Oesterreicher against the Sporting Times Publishing Company, to recover the value of a printing plate made for the defendant. The complaint fails to state whether the defendant is a corporation or an entity of any kind. The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Henry Wehle*, for plaintiff.    *Geo. F. Duysters*, for defendant.

McADAM, C. J.    The Code requires that, in an action brought by or against a corporation, the complaint must aver that the plaintiff or the defendant, as the case may be, is a corporation, and whether it is a domestic or foreign corporation, etc., (Code, § 1775;) and the omission of these allegations is ground of demurrer, (*Baker* v. *Printing Co.*, 3 Month. Law Bul. 29; *Clegg* v. *Newspaper Union*, 8 Civil Proc. R. 401; *Bank* v. *Doying*, 11 Civil Proc. R. 61.) The cases relied on by the plaintiff (*Fox* v. *Preserving Co.*, 93 N. Y. 54; *Bank* v. *Corbett*, 10 Abb. N. C. 86) are inapplicable. The first has no reference to the question involved. The second must be considered modified by the later cases. The defendant is either a corporation or nothing. It cannot be a natural person, for it has no family or given name. *Frank* v. *Levie*, 5 Rob. (N. Y.) 599. It is not a joint-stock company, or the action ought to have been brought against its president or treasurer. Code, § 1919. It is not a copartnership, or the action should have been commenced against the individuals composing the firm. It is not a trade name, or the action ought to have been brought against the person using it. It is therefore a corporation, if it is to be regarded as a legal entity for any purpose. For these reasons it follows that the defendant is entitled to interlocutory judgment sustaining the demurrer, with liberty to the plaintiff to withdraw the demurrer and amend his complaint, on payment, within six days, of the costs of the argument of the demurrer.