ROTHCHILD *et al.* *v.* GRAND TRUNK RY. CO. OF CANADA.

(*Supreme Court, Special Term, Monroe County.* March, 1890.)

1. CORPORATIONS—ACTIONS—PLEADING—CORPORATE EXISTENCE.
    A complaint which alleges that defendant is a corporation, but which fails to al lege whether it is a foreign or domestic corporation, is not demurrable, as not stating facts sufficient to constitute a cause of action.

2. ACTIONS—FORM—TORT AND CONTRACT.
    Where a complaint states facts which constitute a cause of action *ex contractu,* an averment of negligence on the part of defendant will not make the action one *ex delicto.*

Action by Bernard Rothchild and others against the Grand Trunk Railway Company of Canada. Defendant demurs to the complaint on the grounds— *First,* that the court had no jurisdiction; *second,* that there was a misjoinder of causes of action; and, *third,* that there were not sufficient facts stated to constitute a cause of action. Code Civil Proc. N. Y. § 1775, is as follows: "In an action brought by or against a corporation the complaint must aver that the plaintiff, or the defendant, as the case may be, is a corporation; must state whether it is a domestic corporation or a foreign corporation; and, if the latter, the state, country, or government by or under whose laws it was created. But the plaintiff need not set forth, or specially refer to, any act or proceeding by or under which the corporation was created."

*David Hays,* for plaintiffs. *Geo. F. Brownell,* for defendant.

ADAMS, J. No particular stress was laid upon the ground of demurrer first above stated, when the case was argued, nor does the brief of the defendant's counsel disclose sufficient confidence in the correctness of his position in that regard to render it necessary to consider the question at length; and it is perhaps sufficient to say that, if the second and third grounds of demurrer are not well taken, there can be no doubt as to the jurisdiction of the court. The theory of the defendant's counsel appears to be that the pleader has united a cause of action upon contract with one for tort, and that consequently the complaint is demurrable. It is contended, however, that, even if this were so, the two causes of action arise out of the same transaction, and may therefore be properly united. It is difficult to see why, under our present practice, this contention is not well founded, (Code Civil Proc. § 484, subd. 9;) and there certainly is abundant authority for it, (*Adams* v. *Bissell,* 28 Barb. 382; *Badger* v. *Benedict,* 4 Abb. Pr. 176; *Robinson* v. *Flint,* 16 How. Pr. 240; *Polley* v. *Wilkisson,* 5 Civil Proc. R. 135.) However, it is not necessary to determine this question, inasmuch as the complaint can bear but one construction, which is that the various causes of action set forth therein are practically the same, and that they are all founded upon an alleged breach of the defendant's contract as a common carrier. It is true that they are set forth in separate counts, and with allegations which are obviously designed to pre-

vent any variance between the pleading and the proof, but this method of pleading is authorized by the Code and recognized by the courts. *Blank* v *Hartshorn,* 37 Hun, 101.

Nor does the fact that the pleader, in alleging a breach of the contract, has chosen to employ the term "negligence," necessarily characterize the action as one of tort. It had been frequently held that, where the controlling facts set forth in a complaint constitute a cause of action *ex contractu,* the mere presence of an averment of fraud or negligence does not make the action one *ex delicto, (Jones* v. *Walker,* 63 N. Y. 612; *Ledwich* v. *McKim,* 53 N. Y. 307; *Sparman* v. *Keim,* 83 N. Y. 245;) and the form adopted by the pleader in this case appears to be sanctioned by recognized authority in the matter of pleading, (2 Chit. Pl. 356.)

The most serious question in the case, and the one concerning which the authorities differ, is that which arises upon the third ground of demurrer. The complaint alleges that the defendant is a corporation doing business in this state, but omits to aver whether it is a domestic or a foreign corporation, or under the laws of what state, country, or government it was created. In this respect it is clearly defective, (Code Civil Proc. § 1775,) and the defendant insists that, by reason of this defect, "facts sufficient to constitute a cause of action" are not stated. The attention of the court has been directed to several recent adjudications directly in point, which clearly sustain the position of defendant's counsel,[1] and which, in the absence of others of equal weight, cited by the plaintiff, would undoubtedly be controlling, but the position taken by Mr. Justice BRADLEY in the case of *Furniture Co.* v. *Grumme,* 10 Civil Proc. R. 176, that this defect is one of form, and not of substance, and one, therefore, which cannot be taken advantage of by demurrer, commends itself to the judgment of the court as a precedent which may be safely followed. The design of the section above referred to is unquestionably "to advise, by statement in the complaint, whether the corporation is domestic or foreign," but this allegation does not constitute any part of the cause of action, which is just as complete without it as with it. Indeed, a cause of action would be stated if the entire allegation as to the corporate character of the defendant were omitted. *Fox* v. *Preserving Co.,* 93 N. Y. 54–57. Such an omission, or the one of which defendant complains, like his failure to state in the complaint the name of the county which the plaintiff designates as the place of trial, as required by section 481, may be taken advantage of by motion, but not by demurrer. The correctness of this view of the question can be easily demonstrated by the application of a simple test. The defendant, by interposing a demurrer, admits the truth of all the allegations in the complaint. We have, then, as conceded facts, that the defendant is a corporation; that on or about April 27, 1889, it agreed with plaintiff, for a good and valuable consideration, to carry from Detroit to Buffalo two trunks, containing goods of the value of $1,000; and that it has failed to fulfill on its part, to plaintiff's damage of the sum stated. What element is here lacking to make this a full and complete statement of a cause of action? The demurrer must be overruled, with leave to answer within 20 days, upon payment of costs.

---

[1] See Bank v. Rogers, 1 N. Y. Supp. 757; Society v. Anderson, 2 N. Y. Supp. 49; Bank v. Jackson, 4 N. Y. Supp. 438; Oesterreicher v. Publishing Co., 5 N. Y. Supp. 2; Society v. Foote, Id. 236.