GRIMSHAW *v.* WOOLFALL *et al.*

*(Common Pleas of New York City and County, Special Term.* October, 1891.)

1. ACTION—JOINDER—CONTRACT AND TORT.
　　Under Code Civil Proc. N. Y. § 484, subd. 9, which provides that "plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover * * * upon claims arising out of the same transaction, or transactions connected with the same subject of action," a cause of action *ex delicto* may be joined with one *ex contractu,* provided both arise out of the same transaction.
2. PLEADING—GENERAL DEMURRER—SEVERAL CAUSES OF ACTION.
　　Where a demurrer is interposed to two causes of action alleged in a complaint jointly, and not to each separately, it will be overruled if either cause of action is sufficient.

Action by Robert Grimshaw against Frederick Hartley Woolfall and others. Defendants demurred to the complaint on the grounds (1) that there was a misjoinder of causes of action; and (2) that the complaint did not state facts sufficient to constitute a cause of action.

*James T. McMahon,* for plaintiff.　*James A. S. Gregg,* for defendants.

BISCHOFF, J. There must be judgment upon the demurrer for the plaintiff, with costs, with leave to defendants to answer within 20 days, upon the payment of costs. Assuming that the complaint sets out two valid causes of action, it is not a misjoinder of actions because one is *ex contractu* and the other *ex delicto,* provided both arise out of the same transaction, or transactions with the same subject of action. Code Civil Proc. § 484, subd. 9;[1] *Robinson* v. *Flint,* 16 How. Pr. 240; *Badger* v. *Benedict,* 4 Abb. Pr. 176, affirmed 1 Hilt. 419; *Rothchild* v. *Railroad Co.,* (Sup.) 10 N. Y. Supp. 36; Bliss, Code Pl. § 125; Boone, Code Pl. § 37; 7 Lawson, Rights, Rem. & Pr. § 3471.

The assignment of the claim for damages growing out of the defendants' alleged breach of contract vested the legal title thereto in the plaintiff, and he is thereby authorized to maintain an action to recover the same. As the defendants are in no wise interested in the execution of the trust, they cannot avail themselves of the objection that the assignment to the plaintiff constituted a breach of trust by the assignors. *Nelson* v. *Eaton,* 26 N. Y. 411. The first alleged cause of action sets out with sufficient clearness the making of the contract between plaintiff's assignors and defendants, performance by plaintiff's assignors, and refusal or neglect by defendants to perform. These facts, in the absence of proof of substantial damage, entitle plaintiff to recover at least a nominal sum, as the law assumes that the breach of a contract has resulted in some loss or damage to the party aggrieved. Sedg. Dam. § 51 *et seq.;* Wood, Pr. Ev. p. 194, § 71; Bailey, "Onus Probandi," 69; *Goulding* v. *Hewitt,* 2 Hill, 644, 647. And a general averment of damage in an action to recover the damages which naturally flow from the breach is sufficient. Bliss, Code Pl. § 297*a;* Boone, Code Pl. § 140. The demurrer having been interposed to both causes of action jointly, and not to each separately, it is unnecessary to inquire whether or not the second alleged cause of action is sufficient. The first is so, and though the second is not sufficient the demurrer must fail. *Hale* v. *Bank,* 49 N. Y. 626; *Swords* v. *Light-Oil Co.,* 17 Abb. N. C. 115; *Wheeler* v. *Insurance Co.,* 82 N. Y. 543, 555.

---

[1] Code Civil Proc. N. Y. § 484, subd. 9, is as follows: "The plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows: * * * (9) Upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section."