*E. D. Polter* and *James O. Troup*, for plaintiff in error.

*Ed. Beverstock*, for defendant in error.

---

## PARTIES TO AN ACTION ON A GAMBLING DEBT.

[Circuit Court of Cuyahoga County.]

ELLA M. PENTZ v. GEORGE H. BURROWS, AS ASSIGNEE, ETC.

Decided, January 19, 1906.

*Gambling—Action to Recover Money Lost—Proper Parties—Joinder of Property Owner, Principal and Assignee of Principal—Primary Right, Remedial Right and Remedy—Statutes Relating to Gambling, Parties and Causes of Action—Pleading.*

In an action for recovery of money lost in gambling, the principal to whom the money was lost, the assignee of the principal, and the owner of the property may be properly joined.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

The parties here are as they were below. Suit was brought by the plaintiff against Frederick J. Johnson and others, as partners under the firm name of Johnson, Walther & Co., George B. Burrows, as assignee of said firm, and Levi T. Schofield.

The petition alleges that Johnson, Walther & Co. carried on a gambling business in rooms owned and leased to them by said Schofield, and that said business was so carried on with the full knowledge of said Schofield, who took no steps to recover the premises from said firm; that the plaintiff lost in gambling at said gambling rooms and paid to said firm on account of such loss in gambling the sum of $482.50; that after said loss and payment by her said Johnson, Walther & Co. made an assignment for the benefit of their creditors to said Burrows; that she presented a claim for the money by her lost as aforesaid to said assignee for allowance, and such claim was rejected by him. She

prays for judgment against all the defendants for said sum of $482.50, and that the defendant Burrows be ordered as assignee as aforesaid to allow her claim as valid.

To this petition Burrows filed a demurrer, which was sustained, and the plaintiff, not desiring to amend or plead further against him, final judgment was rendered in his favor. The grounds of demurrer are stated in these words:

"First.  There is a misjoinder of parties defendant.

"Second.  That separate causes of action against several defendants are improperly joined.

"Third.  That the petition does not state facts sufficient to constitute a cause of action against this defendant and in favor of this plaintiff."

Recovery is sought against Johnson, Walther & Co. under provisions of Section 4270, Revised Statutes, which reads:

"If any person, by playing at any game, or by means of any bet or wager, loses to any other person any sum of money or other thing of value, and pays or delivers the same, or any part thereof, to the winner, the person who so loses and pays, or delivers may, at any time within six months next after such loss and payment or delivery, sue for and recover the money or thing of value so lost and paid or delivered, or any part thereof, from the winner thereof, with costs of suit, by civil action founded on this chapter, before any court of competent jurisdiction."

Recovery is sought against Schofield under provision of Section 4276, Revised Statutes, which reads:

"Whenever premises are occupied for gaming or lottery purposes, the lease or agreement under which they are so occupied shall be absolutely void at the instance of the lessor, who may at any time obtain possession by civil action, or by action of forcible detainer before a justice of the peace; and if any person lease premises for gaming or lottery purposes, or knowingly permits them to be used and occupied for such purposes, and fail immediately to prosecute, in good faith, an action for the recovery of the premises, such lessor shall be considered in all cases, civil and criminal, as a principal in carrying on the business of gaming, or a lottery, in such building."

The order for allowance of the claim by Burrows is sought under the provisions of Section 6352, Revised Statutes, allowing suit to be brought on claim rejected by assignee, within thirty

days of such rejection, the judgment, when claim is found upon trial to be valid, to be that the same be allowed by the assignee.

It is not urged here, and could not successfully be urged, that this petition does not state sufficient facts to entitle the plaintiff to a judgment against the assignee.

Was there, then, a misjoinder of causes, or a misjoinder of defendants?

Section 5058, Revised Statutes, provides that, "the plaintiff may unite several causes of action in the same petition   *   *   * when the same are the  same transaction or are transactions connected with the same subject of action."

By Section 5059, Revised Statutes, it is provided that "the causes of action so united   *   *   *   must affect all the parties to the action."

By Mr. Justice Ingraham, in the case of *Robinson* v. *Flint,* 16 Howard's Practice, 243, this language is used:

"By transaction I understand the whole proceedings, commencing with the negotiation and ending with the performance of the contract, where the matter in controversy arises out of a contract, and I see no difficulty in carrying out under the present system of pleading, what is the fair meaning of the words used in the 167th Section. The answer is only to be a statement of facts showing that upon each count the plaintiff has no right to recover. The judgment, if on both claims, would only be for so much money, and there is no difficulty now in entering up judgment as formerly, even if the causes are in tort and contract. The only point upon which there would be doubt as to the proper proceeding, might be as to the execution. In one case (tort) it might be against the person, in the other against the property. The answer to this is, if the plaintiff thus unites claims, he loses his right to proceed against the body, and must be content with the other execution." See, also, *Howe* v. *Peckham.* 10 Barber, 656, and *Badger* v. *Benedict,* 4 Abbott's Practice, 176.

The wrong for which plaintiff in this action seeks a remedy is the loss by her, in gambling, and payment of the money so lost, to Johnson, Walther & Co. Everything depends on this and the liability of each defendant is connected with this subject of action. Failure to establish this transaction on her part will prevent a recovery against any one of the defendants. If she recovers against all, she will have a joint judgment against John-

son, Walther & Co. and Schofield, because if the allegations of
her petition are true, Schofield is, by Section 4276, Revised
Statutes, made a principal with Johnson, Walther & Co.   Her
judgment against Burrows will be of a different character, but
it arises out of the same transaction, viz., the gambling loss to
Johnson, Walther & Co.

The right against Burrows is different from that against the
others, but the cause is the same.   In Pomeroy's Code Remedies,
Sec. 454 (4th Ed.), it is said:

"The cause of action thus defined is plainly different from the
remedial right, and from the remedy or relief itself.   The
remedial right is the consequence, the secondary right, which
springs into being from the breach of the plaintiff's primary
right by the defendant's wrong, while the remedy is the consum-
mation or satisfaction of this remedial right.   From one cause
of action, that is, from one primary right and one delict being
a breach thereof, it is possible, and not at all uncommon, that
two or more remedial rights may arise, and therefore two or more
different kinds of relief answering to the separate remedial
rights."

See, also, Section 455.

Do the causes of action affect all the parties defendant as re-
quired by Section 5059, Revised Statutes?   Certainly, all are
affected by the transaction out of which all the rights of the
plaintiff arise.   All are not affected in the same manner, but this
is not necessary.   See Pomeroy's Code Remedies, Section 480,
old Section 374.

The Ohio authorities cited by counsel have not been here dis-
cussed for want of time and because they are familiar to counsel
in the case.   It is believed that none of them conflict, when care-
fully considered, with the views herein expressed.

Our conclusion is that the court erred in sustaining the de-
murrer of Burrows and rendering judgment in his favor, and the
same is reversed and the case remanded to the court of common
pleas.

*H. M. Bull* and *W. C. Rogers,* for plaintiff in error.

*Geo. H. Burrows,* for defendant in error.